RICHARD WRIGHT, DEFENDANT, v. WESTINGHOUSE ELECTRIC & MANUFACTURING COMPANY, PROSECUTOR.

Submitted October 1, 1946—Decided November 12, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Haines & Chanalis* (*Michael N. Chanalis*).

For the defendant, *Edward T. Miller, Robert Scherling* and *Jerome D. Schwitzer.*

The opinion of the court was delivered by

BODINE, J. This is a workmen's compensation case. Both the Bureau and the Common Pleas found that the workman suffered an injury by reason of an accident arising out of and in the course of his employment. We agree in that finding, since it finds support in the testimony of the witnesses called.

In the prosecutor's brief appears a series of observations as to the testimony adduced. Since the matter is set up in a number of paragraphs and we do not agree with the inferences which we are asked to make, we have decided to take the matters up in the order in which they were presented.

1. We do not find that the failure of the workman to immediately report the accident of February 29th, 1944, when he strained his back stamps his testimony as false. He testified that he strained his back while moving a heavy desk and he may well have thought that the pain he suffered would soon pass.

2. The testimony of Miss Kusbic, the employee whose desk was moved, was of a negative character and she is still in the employer's employ. It very frequently happens that persons nearby do not observe the pain which others suffer.

3 and 4. The same comment, as above, applies to the remarks concerning the negative testimony of John Werner and William Cornish.

5. We attach no importance to the workman's alleged statement as made to the nurse in the employer's hospital. Such documents are often mere conclusions as to the statements made and are of little consequence if not dictated and transcribed. They are frequently nothing more than vague approximations of statements recalled.

6. The workman applied for sick benefits. He says he paid little attention to what he signed because he had to have money. Persons of limited means and education frequently so act.

It is argued: (1) That the failure to call fellow workmen present at the time when the second accident occurred—this was a strain of the back while changing clothes—stamps the testimony of the workman with falsity. We do not think so,

since such matters rest in the discretion of counsel. (2) That parts of the testimony of John Werner stamps the workman's testimony as false. Again, Werner's testimony was negative, and he is still in the employ of the prosecutor of the writ. (3) We do not think that we are concerned with the occurrence of March 3d, 1944, when the workman was changing his clothes. The testimony of the workman that he suffered a strain while moving the desk was sufficiently corroborated by events and medical testimony to justify the refusal of a nonsuit. When the proofs support the findings of fact by two concurring tribunals, as in this case, we do not lightly disturb such finding, and after a thorough examination of the proofs we are satisfied that the findings below were correct.

The writ will be dismissed, with costs.