21 N.J. Super. 589 (1952)
91 A.2d 502
WALTER P. CHAPMAN, PETITIONER-RESPONDENT,
v.
ATLANTIC TRANSPORTATION CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1952.
Decided October 14, 1952.
*590 Before Judges JAYNE, PROCTOR and SCHETTINO.
Mr. Aaron Gordon argued the cause for the petitioner-respondent (Mr. Carl Gelman, attorney).
Mr. Robert Shaw argued the cause for the respondent-appellant (Messrs. Shaw, Hughes & Pindar, attorneys).
PER CURIAM.
The judgment is affirmed for the reason expressed in the opinion of Judge Conlon in 17 N.J. Super. 285 (Cty. Ct. 1952). When the proofs support the findings of fact by two concurring tribunals, as in this case, we do not lightly disturb such finding, and after a thorough examination of the proofs we are satisfied that the findings below were correct. Wright v. Westinghouse Electric & Mfg. Co., 134 N.J.L. 581, 583 (Sup. Ct. 1946), affirmed 135 N.J.L. 460 (E. & A. 1947).
Further, we find no merit in appellant's contention here that temporary disability should not have been awarded for any periods beyond February 20, 1950, the date of petitioner's discharge from the Passaic General Hospital. Following his discharge from the Passaic General Hospital, petitioner continued to be under the care of Dr. Somberg. On April 10, 1950, on Dr. Somberg's recommendation, he was admitted to the Hospital for Crippled Children. On April 18, 1950, the doctor performed a bilateral trephine operation upon him. Petitioner was discharged April 23, 1950, the date the deputy director found the temporary disability terminated. It was not established that further improvement was improbable until the operation at the Hospital for Crippled Children confirmed Dr. Somberg's clinical opinion *591 of the nature and extent of petitioner's disability. Disability should be "deemed to be temporary until after a course of treatment and observation it is discovered to be permanent, and that fact is duly established." Reynolds v. Passaic Valley Sewerage Commrs., 130 N.J.L. 437, 444 (Sup. Ct. 1943), affirmed on opinion below 131 N.J.L. 327 (E. & A. 1944); see also Monaco v. Albert Maund, Inc., 17 N.J. Super. 425 (App. Div. 1952).
Affirmed.