EULA S. DUDLEY, EMPLOYEE v. DOWNTOWNER MOTOR INN, EMPLOYER; LUMBERMENS MUTUAL CASUALTY COMPANY, CARRIER

No. 718IC507

(Filed 2 February 1972)

1. Master and Servant § 73— workmen's compensation — incapacity to perform regular job — total or partial disability

   Although there was evidence that plaintiff's injuries incapacitated her to perform certain essential duties of a cook, the only gainful occupation for which she was qualified by work experience, the Industrial Commission did not err in failing to award plaintiff compensation for total incapacity under G.S. 97-29 where the evidence showed that she suffered 55 per cent permanent partial disability of her left hand, G.S. 97-31 being applicable in such case.

2. Master and Servant § 96—workmen's compensation — appellate review of award — questions presented

   In passing upon an appeal from an award of the Industrial Commission, the Court of Appeals is limited in its inquiry to the questions of (1) whether there was any competent evidence before the Commission to support its findings and (2) whether such findings justify the Commission's legal conclusions and decisions.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 11 March 1971.

On 19 March 1968 plaintiff sustained an injury by accident arising out of and in the course of her employment. All jurisdictional facts were stipulated, and plaintiff's employer and its insurance carrier admitted liability under the North Carolina Workmen's Compensation Act. On 14 August 1968 the parties entered into an agreement with approval of the Industrial Commission under which plaintiff was paid compensation for

temporary total disability at the rate of $42.00 per week for the periods from 15 June 1968 to 23 June 1968 and from 18 July 1968 through 15 August 1969. Hearings were held before Deputy Commissioners on 20 January 1969, 27 April 1970, and 21 August 1970, at which evidence was presented to show the following:

Plaintiff, a 53-year-old woman who had gone to the seventh grade in school, was employed as a cook at the Downtowner Motor Inn in Goldsboro. She had never been employed anywhere except as a cook. On 19 March 1968 her left hand was injured in an accident which the parties stipulated arose out of and in the course of her employment. She continued to work for twelve weeks after the accident, at the end of which time her employment was terminated because she could not handle the job, which required the use of both hands. She has not worked since that time. During 1968 and 1969 she received extensive medical, surgical and hospital treatments for the injuries to her hand, including operations by specialists at Chapel Hill and at Duke University Hospital. The orthopedic surgeon who treated plaintiff at Duke University Hospital testified that he last examined plaintiff on 30 July 1969, at which time he gave her a permanent partial disability rating of 55 percent loss of use of her left hand. This doctor testified:

> "It is my opinion that, in view of the involvement of the thumb, the index and long fingers, but since she had a functional ring and little finger, useful wrist, useful palm of the hand, and some limited use of the remaining thumb and index finger, that she have a permanent partial disability of the left hand of 55 per cent. I indicated to her that she could use the hand for whatever acts she was able to do; that she should avoid extreme changes in temperature, such as extreme heat or cold; that she should not depend on hand for primary strength but use it as a helping hand, depending primarily on her right hand.

> \* \* \* \* \*

> " . . . The reason I told Mrs. Dudley to avoid extreme temperature cold and hot is that if sensation is not normal, there is greater likelihood of burning or freezing. I told her she should not handle hot objects or cold objects without some protection on hand. This would relate, of course, to any act around the stove where food was cooking."

Plaintiff testified that she could no longer 'work as a cook for a living, that she could not lift anything of any weight with her left hand, could not twist a bottle top or jar with it, could not use a can opener, and that any kind of pressure or placing her hand in cold water made her hand hurt.

On 10 September 1970 Deputy Commissioner Robert F. Thomas filed an opinion and award in which he made findings of fact, including finding of fact No. 4 as follows:

"4. As a result of her injury by accident, plaintiff was temporarily totally disabled to July 30, 1969, reached her point of maximum improvement on said date, and has 55 per cent permanent loss of use of her left hand."

Based on his findings of fact, Deputy Commissioner Thomas made the following conclusions of law:

"1. As a result of her injury by accident, plaintiff was temporarily totally disabled to July 30, 1969, and is entitled to compensation at the rate of $42.00 per week through such date. G.S. 97-29.

"2. As a further result of her injury by accident plaintiff has 55 per cent permanent loss of use of her left hand, which entitled her to compensation at the rate of $42.00 per week for a period of 93.5 weeks beginning July 31, 1969."

On his findings of fact and on these conclusions of law, the Deputy Commissioner made the following award:

"Defendants shall pay compensation to the plaintiff at the rate of $42.00 per week through July 30, 1969, for temporary total disability.

"Defendants shall pay compensation to the plaintiff at the rate of $42.00 per week for a period of 93.5 weeks beginning July 31, 1969, to cover her permanent disability. Provided, that defendants shall be entitled to credit for payments made to the plaintiff from July 31, 1969, to August 15, 1969."

The Deputy Commissioner also directed defendants to pay all medical expenses incurred by plaintiff as a result of her injury and to pay all costs, including all fees of expert witnesses.

On appeal by plaintiff, the full Commission amended finding of fact No. 4 of the Deputy Commissioner by adding at the end thereof the following:

> "Plaintiff has sustained no permanent partial or temporary total disability or other type of disability since July 30, 1969, other than such 55 per cent permanent partial disability of the left hand."

and amended conclusion of law No. 2 by making substantially the same addition thereto, citing G.S. 97-31(12) and (19). As so amended, the full Commission adopted as its own the opinion and award of the Deputy Commissioner, and from this opinion and award plaintiff appealed.

*Herbert B. Hulse and George F. Taylor for plaintiff appellant.*

*Cockman, Alvis & Aldridge by Jerry S. Alvis for defendant appellees.*

PARKER, Judge.

[1] Appellant contends that since there was evidence to show that her injuries incapacitated her to perform certain essential duties of the only gainful occupation for which she was qualified by prior work experience, the Industrial Commission erred in failing to find this as a fact and in failing to conclude therefrom that she was entitled to receive compensation for *total* incapacity under G.S. 97-29. The evidence in this case, however, makes the following express provisions of G.S. 97-31 controlling:

> "In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period and in addition the *disability shall be deemed to continue for the periods specified, and shall be in lieu of all other compensation,* including disfigurement, to wit:
>
> \*  \*  \*  \*  \*
>
> "(12) For the loss of a hand, sixty per centum of the average weekly wages during one hundred and seventy weeks.
>
> \*  \*  \*  \*  \*
>
> "(19) . . . The compensation for partial loss of or for partial loss of use of a member . . . shall be such pro-

portion of the periods of payment above provided for total loss as such partial loss bears to total loss. . . . " (Emphasis added.)

[2] "In passing upon an appeal from an award of the Industrial Commission, this Court is limited in its inquiry to two questions of law, namely: (1) Whether there was any competent evidence before the Commission to support its findings; and (2) whether the findings of fact of the Commission justify its legal conclusions and decisions." *Snead v. Mills, Inc.*, 8 N.C. App. 447, 174 S.E. 2d 699. "In case the findings are insufficient upon which to determine the rights of the parties, the court may remand the proceeding to the Industrial Commission for additional findings," *Byers v. Highway Comm.*, 275 N.C. 229, 166 S.E. 2d 649, but "[i]f the findings of fact of the Industrial Commission are supported by competent evidence and are determinative of all the questions at issue in the proceeding, the court must accept such findings as final truth, and merely determine whether or not they justify the legal conclusions and decision of the commission." *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706.

There was here evidence to support the crucial findings of fact made by the Industrial Commission and these findings were determinative of all questions at issue in this case. On these findings G.S. 97-31 became applicable and controlling, and the Commission correctly applied the provisions of that section in making its award in this case.

*Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 162 S.E. 2d 619, cited by appellant, is not apposite. In that case there was evidence, which is lacking here, tending to show that the plaintiff was totally disabled and incapacitated emotionally and physically to engage in any gainful work as a result of a compensable injury.

The opinion and award appealed from is

Affirmed.

Judges CAMPBELL and MORRIS concur.