JOSEPH L. LOFLIN, EMPLOYEE, PLAINTIFF v. JAMES C. LOFLIN, BUILDER, EMPLOYER; NATIONWIDE MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 7219IC159

(Filed 23 February 1972)

1. **Master and Servant § 69— workmen's compensation — "disability"**
    In order to obtain compensation under the Workmen's Compensation Act, an employee must establish that his injury caused his "disability" — i.e., impairment of wage-earning capacity — unless it is included in the schedule of injuries made compensable by G.S. 97-31 without regard to loss of wage-earning power.

2. **Master and Servant § 65— workmen's compensation — permanent partial disability of back — incapacity to work**
    Although there was evidence that, because of an injury to his back, plaintiff is totally unable to perform the essential duties of a carpenter, his occupation prior to being injured, the Industrial Commission properly awarded plaintiff compensation for a 50% permanent partial disability to his back, not for total incapacity, since the disability deemed to continue after the healing period of an injury causing partial loss of use of the back is compensable under the provisions of G.S. 97-31(23) without regard to the loss of wage-earning power and in lieu of all other compensation.

3. **Master and Servant § 65— workmen's compensation — temporary total disability**
    Plaintiff's contention that he is still temporarily totally disabled from a back injury is not supported by the evidence or the findings of the Industrial Commission.

APPEAL by plaintiff from an Order and Award of the North Carolina Industrial Commission filed 5 August 1971.

In this case instituted under the provisions of the North Carolina Workmen's Compensation Act (Act), it was stipulated, among other things, that plaintiff was injured on 16 May 1967 by accident arising out of and in the course of his employment

with defendant Loflin (Employer), and that he had an average weekly wage of $100.00. Thereafter an agreement was entered into by the parties whereby liability was admitted by the Employer and the plaintiff received temporary total disability compensation "from 5-16-67 to 10-14-68, and again from 10-14-68 to 3-10-69."

Plaintiff's evidence tended to show that he was a skilled carpenter and that his back was injured when a scaffold on which he was working broke and he fell to the ground from a height of 18 to 20 feet. After the fall he was found to have a fracture of his twelfth dorsal vertebra, and since this fall has had urinary troubles, pain in his back and has not worked.

Plaintiff's witness Dr. Everett O. Jeffreys testified:

> "I have a medical opinion satisfactory to myself in regard to the disability of Joseph L. Loflin. That opinion is I think that he's disabled from any active work that requires stooping or lifting, that he uses motion in his mid and lower back, and I think that this is due to the old compression fracture of the vertebra T 12 and L 1 with narrowing of the foramina and that he has some nerve root compression that acts both as paralytic or paretic type of manifestation and also in irritability . . . I think that he is disabled from doing any active muscular work that requires stooping or lifting. I think he is totally disabled from that and permanently disabled from it."

Dr. Jeffreys testified on cross-examination that plaintiff, as a result of his fall in May 1967, sustained an eighty percent permanent partial disability of his back, and that he had reached the point of maximum recovery from his injury within a year of the time of the accident. He also testified that the urinary difficulties experienced by plaintiff were directly traceable to the injury.

Plaintiff's witness Dr. Hugh Fitzpatrick testified that he saw plaintiff in May 1967 in the emergency room of the hospital where plaintiff had been brought after receiving the injury, and that he had a "compression fracture of the twelfth thoracic, twelfth vertebra" at that time. Dr. Fitzpatrick saw the plaintiff a number of times thereafter. He testified that plaintiff reached maximum improvement in April 1968, and had about a thirty-five percent permanent disability of the back.

Defendant's witness Dr. John F. Register testified that he had examined plaintiff in June 1968, at which time plaintiff had reached maximum improvement and had a thirty-five percent permanent partial disability of the back. He further testified he found nothing traceable to the injury that would have caused plaintiff any interruption or trouble insofar as urination was concerned.

There was a stipulation as to what Dr. George Johnson would testify if he were called as a witness but there was no provision that such could be considered as evidence in the case.

On 29 December 1970 Commissioner Stephenson filed an opinion and award in which he set out the stitpulations of the parties and made findings of fact, including finding of fact no. 6 as follows:

"6. Plaintiff reached maximum improvement from his accident on June 3, 1968. He has sustained a 50% permanent partial disability to his back by reason of the injury by accident giving rise to this claim. Plaintiff's urinary symptoms are not due to the injury by accident giving rise to this claim. Further medical treatment will not lessen plaintiff's period of disability."

Based on the findings of fact, Commissioner Stephenson made the following conclusions of law:

"1. Plaintiff has sustained a 50% permanent partial disability to his back by reason of the injury by accident giving rise to this claim and he is entitled to compensation for same as by law provided. GS 97-31(23).

2. Defendants are entitled to credit on the permanent partial disability award for all payments made to plaintiff from and after June 3, 1968, the date maximum improvement was reached. GS 97-44."

On the findings of fact and conclusions of law, the Commissioner made the following award:

"1. Defendants shall pay plaintiff compensation at the rate of $37.50 per week for 150 weeks beginning June 3, 1968, for a 50% permanent partial disability to the back. Defendants shall take credit on said payments for all compensation paid to plaintiff from and after June 3, 1968."

---

---

In addition, the Commissioner ordered defendants to pay costs and proper medical expenses of plaintiff, and also approved an amount for plaintiff's attorney's fee.

Plaintiff appealed. The full Commission amended Commissioner Stephenson's findings of fact nos. 3 and 6. Finding of fact no. 3 was amended by deleting certain portions thereof and finding of fact no. 6 was amended by adding thereto the following:

"Plaintiff is not temporarily totally disabled as a result of the injury by accident giving rise to this claim."

The full Commission adopted as its own the opinion and award, as amended, of Commissioner Stephenson, and from this opinion and award, the plaintiff appealed to the Court of Appeals.

*John Randolph Ingram for plaintiff appellant.*

*I. Weisner Farmer for defendant appellees.*

MALLARD, Chief Judge.

[1] "To obtain an award of compensation for an injury under the North Carolina Workmen's Compensation Act, an employee must always show these three things: (1) That he suffered a personal injury by accident; (2) that his injury arose in the course of his employment; and (3) that his injury arose out of his employment. *Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668. Furthermore, he must establish a fourth essential element, to wit, that his injury caused him disability, *unless it is included in the schedule of injuries made compensable by G.S. 97-31 without regard to loss of wage-earning power. Branham v. Panel Co.,* 223 N.C. 233, 25 S.E. 2d 865. (Emphasis added.) As used here, the term 'disability' signifies an impairment of wage-earning capacity rather than a physical impairment." *Anderson v. Motor Co.,* 233 N.C. 372, 64 S.E. 2d 265 (1951). *Anderson* was decided in 1951. In 1955 the General Assembly, by Section 7 of Chapter 1026 of the Session Laws, enacted what is now G.S. 97-31(23). The portions of G.S. 97-31 pertinent to this appeal read as follows:

"In cases included by the following schedule the compensation in each case shall be paid for *disability* during the

*healing period* and *in addition the disability* shall be deemed
to continue for the periods specified, and *shall be in lieu
of all other compensation,* including disfigurement, to wit:

\*        \*        \*

(23) For the total loss of use of the back, sixty per centum
(60%) of the average weekly wages during 300 weeks. The
compensation for *partial loss of use of the back* shall be
such proportion of the periods of payment herein provided
for total loss as such partial loss bears to total loss, except
that in cases where there is seventy-five per centum (75%)
or more loss of use of the back, in which event the injured
employee shall be deemed to have suffered 'total industrial
disability' and compensated as for total loss of use of the
back." (Emphasis added.)

[2, 3] The plaintiff contends that all of the evidence shows
that, due to the injury to his back, he is totally unable to per-
form the essential duties of a carpenter, his occupation prior
to his injury, and that the North Carolina Industrial Commis-
sion (Commission) committed error in failing to so find. The
Commission made factual findings, supported by competent evi-
dence, on all of the crucial issues before it. Under these find-
ings, the disability deemed to continue after the healing period
of plaintiff's injuries is made compensable under the provisions
of G.S. 97-31(23) without regard to the loss of wage-earning
power and in lieu of all other compensation. See, *Dudley v.
Downtowner Motor Inn,* 13 N.C. App. 474, 186 S.E. 2d 188
(1972). The General Assembly, when it enacted G.S. 97-31 and,
in 1955, made it applicable to the partial loss of use of the back,
provided that compensation payable thereunder was "in lieu
of all other compensation." "The language of G.S. 97-31 is clear,
and its provisions are mandatory." *Watts v. Brewer,* 243 N.C.
422, 90 S.E. 2d 764 (1956). The fact that an injury is one of
those enumerated in the schedule of payments set forth under
G.S. 97-31 precludes the Commission from awarding compen-
sation under any other provision of the Act. *Watts v. Brewer,
supra.* Under the provisions of G.S. 97-31, plaintiff was entitled
to, and did receive compensation for disability from his injuries
during the healing period. Plaintiff's contention that he is still
temporarily totally disabled is not supported by the evidence or
the findings of the Commission. "Where a claimant suffers an
injury that results in temporary total disability followed by a

specific disability compensable under G.S. 97-31, compensation for the specific disability is payable in addition to that awarded for temporary total disability." *Watkins v. Motor Lines,* 279 N.C. 132, 181 S.E. 2d 588 (1971).

It was found by the Commission upon competent evidence that plaintiff had reached maximum improvement on 3 June 1968 and that further treatment would not lessen his period of disability. The healing period was over. Thereafter, plaintiff was entitled to receive compensation only as provided in G.S. 97-31(23), and such compensation was properly awarded by the Commission.

We have examined plaintiff's other exceptions and no prejudicial error is made to appear. The case of *Morgan v. Furniture Industries, Inc.,* 2 N.C. App. 126, 162 S.E. 2d 619 (1968), cited and relied on by plaintiff, is distinguishable. In *Morgan,* the question was raised but no finding was made concerning the mental, emotional, and psychological incapacity of the claimant resulting from an injury. The case was remanded to the Commission with instructions "to make findings of fact determinative of all questions at issue and proceed as the law requires." In the case before us, there have been findings supported by competent evidence with respect to all crucial facts.

The opinion and award appealed from is

Affirmed.

Judges MORRIS and PARKER concur.