LOUIE J. CRAWLEY v. SOUTHERN DEVICES, INC. AND ZURICH-AMERICAN INS. CO., CARRIER

No. 7625IC383

(Filed 3 November 1976)

1. **Master and Servant § 69— workmen's compensation — compensation for disability during healing period**

    Disability compensation under G.S. 97-31 is awarded for physical impairment irrespective of ability to work or loss of wage earning power, and is in lieu of all other compensation.

2. **Master and Servant § 69— workmen's compensation — compensation during healing period — healing period defined**

    The healing period, within the meaning of G.S. 97-31, is the time when the claimant is unable to work because of his injury, is submit-

Crawley v. Southern Devices, Inc.

ting to treatment, which may include an operation or operations, or is convalescing; and this period of temporary total disability contemplates that eventually there will be either complete recovery or an impaired bodily condition which is stabilized.

3. **Master and Servant § 69— workmen's compensation — compensation for disability during healing period — healing period defined**

When a claimant for workmen's compensation pursuant to G.S. 97-31 has an operation to correct or improve the impairment resulting from his injury, the healing period continues after recovery from the operation until he reaches maximum recovery; that is, it continues until, after a course of treatment and observation, the injury is discovered to be permanent and that fact is duly established.

4. **Master and Servant § 94— workmen's compensation — Commission's finding as to length of healing period — sufficiency of evidence**

In an action pursuant to G.S. 97-31 for compensation for temporary disability during the healing period of plaintiff's injury and for permanent disability at the end of the healing period when maximum recovery had been achieved, evidence was sufficient to support the finding of the Industrial Commission that plaintiff claimant's healing period extended beyond the period of maximum recovery. from his operation to the time when there was such stabilization of his impaired bodily condition that it was established to be permanent.

5. **Master and Servant § 94— workmen's compensation — Commission's finding as to termination of healing period — insufficiency of evidence**

In an action pursuant to G.S. 97-31 for compensation for temporary disability during the healing period of plaintiff's injury, evidence was insufficient to support the finding of the Industrial Commission that the healing period terminated in December 1973 rather than in March 1973 as found by the Hearing Commissioner where such evidence tended to show that plaintiff's doctor dismissed him in March 1973 upon a determination that maximum recovery had been achieved; moreover, the Commission found as a fact that between March and December 1973 the plaintiff's condition was basically unchanged, and the Commission apparently erroneously considered plaintiff's continued inability to work as a determinative factor in awarding temporary disability under G.S. 97-31.

6. **Master and Servant § 93— workmen's compensation — refusal of claimant to have surgery — bar to claim**

The general rule in workmen's compensation is that where the surgery is of serious magnitude and risk, involves much pain and suffering and is of uncertain benefit, the refusal of the claimant to undergo surgery is reasonable and will not prejudice his claim; however, where a statute provides the employer with a means to determine the necessity and reasonableness of surgery, the employer cannot raise the refusal as a bar to the employee's claim in the absence of a showing that the employer previously sought to have the operation performed.

7. **Master and Servant § 93— workmen's compensation — refusal of claimant to have surgery — failure of employer to seek statutory relief**

Failure of defendant employer to seek relief from the Industrial Commission pursuant to G.S. 97-25 precluded the employer from raising plaintiff employee's refusal to submit to an operation in opposition to the employee's claim for compensation.

8. **Master and Servant § 96— evidence supporting Commission's finding — review in Court of Appeals**

Where the evidence from plaintiff's own doctors supported the finding of the Industrial Commission that plaintiff's permanent partial disability was 30%, the Court of Appeals was bound by such evidence, even though there was evidence that would have supported a finding to the contrary.

APPEAL by plaintiff and defendants from order of North Carolina Industrial Commission entered 11 February 1976. Heard in the Court of Appeals 16 September 1976.

In this workmen's compensation claim plaintiff seeks to recover for a back injury admittedly suffered by accident arising out of and in the course of his employment. Plaintiff sustained an injury to his lower left rib cage on 10 September 1971. He was treated by Dr. William A. Kirksey, a general practitioner in Morganton, and returned to work on 4 October 1971. He continued to complain of chest pains, and was examined by Dr. Kirksey on 20 October 1971, 27 December 1971, 10 January 1972, 14 January 1972, and 28 January 1972. On 29 May 1972 he returned to Dr. Kirksey, complaining of an aggravation of his original injury resulting in severe lower back pains. Dr. Kirksey referred him to Dr. Richard N. Wrenn, an orthopedic specialist in Charlotte, and also recommended that plaintiff cease work, which he did as of 1 June 1972. He has not returned to work since that date.

Dr. Wrenn examined plaintiff and performed a laminectomy on 28 June 1972. Plaintiff was released on 5 July 1972, and was examined by Dr. Wrenn on 25 July 1972. At that time Dr. Wrenn felt there had been "an excellent early result" and "dramatic relief of his discomfort," and preliminarily rated plaintiff's permanent disability at 10% to 15%, which he regarded as the minimum for an injury of this type. Upon Dr. Wrenn's advice that he try to work, plaintiff attempted to mow his lawn, but suffered pain and stopped.

Plaintiff returned to Dr. Kirksey on 27 September 1972 with complaints of continued pain and numbness in his left leg and

Crawley v. Southern Devices, Inc.

toes. At Dr. Kirksey's suggestion he was examined by Dr. Wrenn on 2 October 1972. Both doctors examined plaintiff again in March 1973, and Dr. Wrenn suggested surgery to relieve the continuing pain and discomfort. On 1 May 1973, apparently on the basis of the March examination, Dr .Wrenn reported to the Industrial Commission stating that plaintiff had been "dismissed with maximum improvement." Plaintiff returned to Dr. Wrenn in August and upon recommendation entered the hospital for surgery on 15 October 1973. While in the hospital his symptoms disappeared and he was discharged without having had surgery. He returned to Dr. Wrenn in November and December with renewed complaints about pain in his back. At the examination on 28 December 1973, Dr. Wrenn explained that the alternative to continued pain and discomfort was surgery, probably a spinal fusion. Plaintiff said he did not want any more surgery. Due to the continued pain Dr. Wrenn revised his rating of permanent disability to 30%.

The hearing before the Industrial Commission was delayed because of difficulties in obtaining Dr. Wrenn's testimony. On 16 December 1975, an Opinion and Award was entered by Deputy Commissioner Ben E. Roney, Jr. Pursuant to said award, defendants were ordered to accept at the weekly rate of fifty-six dollars ($56.00), compensation for temporary total disability from 12 September 1971, through 3 October 1971 (subject to a deduction for compensation paid from 23 September 1971, through 3 October 1971), compensation for temporary, total disability from 2 June 1972 through 20 March 1973, and compensation for permanent, partial disability to the back commencing on 21 March 1973, and continuing for ninety (90) weeks. Said sums were to be paid in a lump sum, subject to attorney's fees. Defendants were to pay all medical expenses.

Appeal was taken from said Opinion and Award to the Full Commission which appeal was argued in Raleigh on 9 February 1976.

The Full Commission on 11 February 1976, entered an Opinion and Award by the terms of which the Opinion and Award of the Deputy Commissioner was affirmed and adopted as the Opinion and Award of the Full Commission, except that the 20 March 1973 date for determination of temporary, total disability benefits was stricken; and replaced by the date, 28 December 1973. Additional attorney's fees were awarded.

Crawley v. Southern Devices, Inc.

From the Opinion and Award of the Industrial Commission, the claimant and the defendants appeal.

*James A. Simpson for plaintiff appellant.*

*Patton, Starnes, Thompson & Daniel, P.A., by Robert L. Thompson for defendant appellants.*

CLARK, Judge.

[1] Plaintiff seeks to recover for a schedule injury under G.S. 97-31(23). G.S. 97-31 provides for compensation for temporary disability *during the healing period* of the injury and for permanent disability at the end of the healing period, when maximum recovery has been achieved. Disability compensation under G.S. 97-31 is awarded for physical impairment irrespective of ability to work or loss of wage earning power, and is in lieu of all other compensation. *Loflin v. Loflin,* 13 N.C. App. 574, 186 S.E. 2d 660 (1972).

Defendants assign error to the determinations with respect to both temporary and permanent disability. Defendants contend that both the Deputy Commissioner and the Full Commission erred in extending the period of temporary disability beyond the healing period for the operation performed on 28 June 1972. They would have temporary benefits terminated in July 1972 rather than March or December 1973. The determination of the termination of a healing period is a question of fact. The Commission is the fact-finding body under the Workmen's Compensation Act. *Brewer v. Trucking Co.,* 256 N.C. 175, 123 S.E. 2d 608 (1962). The rule is, as fixed by statute and the uniform decisions of this Court, that findings of fact made by the Commission are conclusive on appeal when supported by competent evidence. G.S. 97-86; *McMahan v. Supermarket,* 24 N.C. App. 113, 210 S.E. 2d 214 (1974). The Commission's legal conclusions are subject to court review. *Jackson v. Highway Commission,* 272 N.C. 697, 158 S.E. 2d 865 (1968).

[2, 3] Defendant's first contention amounts to defining healing period in G.S. 97-31 as the period of maximum recovery from an operation. The error in this is that plaintiff's claim is based upon an injury, not an operation, and maximum recovery from the injury, not from an operation, is what signifies termination of the healing period. The healing period, within the meaning of G.S. 97-31, is the time when the claim-

ant is unable to work because of his injury, is submitting to treatment, which may include an operation or operations, or is convalescing. 99 C.J.S., Workmen's Compensation, § 304 (1958). This period of temporary total disability contemplates that eventually there will be either complete recovery, or an impaired bodily condition which is stabilized. *Franks v. Dept. of Labor and Industries,* 35 Wash. 2d 763, 215 P. 2d 416 (1950). When the claimant has an operation to correct or improve the impairment resulting from his injury, the healing period continues after recovery from the operation until he reaches maximum recovery. The healing period continues until, after a course of treatment and observation, the injury is discovered to be permanent and that fact is duly established. *Chapman v. Atlantic Trans. Co.,* 21 N.J. Super. 589, 91 A. 2d 502 (1952), *cert. denied,* 11 N.J. 213, 94 A. 2d 215 (1953).

[4]  In this case we conclude that plaintiff claimant's healing period extended beyond the period of maximum recovery from his operation to the time when there was such stabilization of his impaired bodily condition that it was established to be permanent. This period must be determined in this case primarily from the somewhat inconclusive testimony of the treating physicians, orthopedist Richard C. Wrenn, and general practitioner William A. Kirksey. Though their testimony indicates that normally maximum recovery from an operation for a ruptured intervertebral disc could be expected in about one month, their testimony tends to show that stabilization of plaintiff's injury did not occur until March 1973, and this evidence supports the finding of the Hearing Commissioner that claimant was temporarily totally disabled through 20 March 1973. Though Dr. Wrenn testified that thereafter in December 1973, it was his opinion that claimant's permanent disability rating had increased to 30%, he also testified, and the Full Commission found, that claimant's condition was basically unchanged between March and December 1973. It is obvious, therefore, that Dr. Wrenn changed his opinion on the degree of disability but that his opinion was not based on any change in claimant's physical condition.

[5]  We do, therefore, agree with defendants' second contention that there is no evidence to support the decision of the Commission to modify the determination of the Hearing Commissioner with respect to the termination of the healing period. The testimony of Dr. Wrenn was that he dismissed the plaintiff after

the examination in March 1973 upon a determination that maximum recovery had been achieved. The Commission found as a fact that between March and December 1973 the plaintiff's condition was basically unchanged. The only reasonable conclusion is that healing did not continue through December but had reached a maximum improvement and stabilized in March 1973. While findings of fact of the Industrial Commission are conclusive on appeal when supported by evidence, the courts must review the reasonableness of the inferences of facts deduced from the basic facts found and the conclusions of law predicated upon them. *Evans v. Lumber Co.*, 232 N.C. 111, 59 S.E. 2d 612 (1950). The Commission also seems to have considered plaintiff's continued inability to work as a determinative factor in awarding temporary disability under G.S. 97-31, but this was in error. Compensation under G.S. 97-31(23) is made without regard to the loss of wage-earning power. *Loflin v. Loflin, supra,* holds that the healing period is terminated when the claimant has reached maximum improvement.

We find that there was sufficient evidence to support the Hearing Commissioner's finding of fact that the period of total temporary disability terminated on 20 March 1973 and that permanent partial disability began on the following day, and that the evidence does not support the finding of the Full Commission that total temporary disability continued until 28 December 1973.

[6] Defendants also assign error to the rating of 30% permanent partial disability under G.S. 97-31(23), and contend that the award should be reduced because of plaintiff's refusal to undergo surgery. The general rule is that where the surgery is of serious magnitude and risk, involves much pain and suffering and is of uncertain benefit, the refusal of the claimant to undergo surgery is reasonable and will not prejudice his claim. Annot., 6 A.L.R. 1260 (1920); Annot., 105 A.L.R. 1470 (1936); 81 Am. Jur. 2d Workmen's Compensation § 395 (1976). However, where a statute provides the employer with a means to determine the necessity and reasonableness of surgery, the employer cannot raise the refusal as a bar to the employee's claim in the absence of a showing that it had previously sought to have the operation performed. Annot., 6 A.L.R. 1262 (1920); Annot., 73 A.L.R. 1303 (1931). G.S. 97-25 provides such a means.

Crawley v. Southern Devices, Inc.

"*Medical treatment and supplies.*—Medical, surgical, hospital, nursing services, medicines, sick travel, rehabilitation services, and other treatment including medical and surgical supplies as may reasonably be required to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability, and in addition thereto such original artificial members as may be reasonably necessary at the end of the healing period shall be provided by the employer. In case of a controversy arising between the employer and employee relative to the continuance of medical, surgical, hospital, or other treatment, the Industrial Commission may order such further treatments as may in the discretion of the Commission be necessary.

\* \* \* \*

The refusal of the employee to accept any medical, hospital, surgical or other treatment or rehabilitative procedure when ordered by the Industrial Commission shall bar said employee from further compensation until such refusal ceases, and no compensation shall at any time be paid for the period of suspension unless in the opinion of the Industrial Commission the circumstances justified the refusal, in which case, the Industrial Commission may order a change in the medical or hospital service."

[7]  The failure to seek relief from the Commission precludes the employer from raising the refusal to submit to an operation in opposition to the employee's claim for compensation.

We have examined defendant's other assignments of error and find no merit in them.

[8]  Plaintiff also appealed from the order of the Commission and assigned as error the failure to rate permanent disability at 100%. Plaintiff concedes and we agree that there is competent evidence from plaintiff's own doctors to support the findings of the Commission. This Court does not sit to reweigh the evidence. If there is evidence of substance which directly or by reasonable inference tends to support the findings, the Court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary. *Crawford v. Warehouse*, 263 N.C. 826, 140 S.E. 2d 548 (1965). *Russell v. Yarns, Inc.*, 18 N.C. App. 249, 196 S.E. 2d 571 (1973). We find no merit to plaintiff's assignment of error.

That part of the order of the Commission rating plaintiff at 30% permanent partial disability is affirmed.

That part of the order of the Commission ending the period of temporary disability and beginning the period of permanent disability on 28 December 1973, is modified to conform to the order of the Deputy Commissioner, setting such date as 20 March 1973, with permanent partial disability beginning on 21 March 1973.

The order of the Full Commission is

Modified and affirmed.

Judges BRITT and PARKER concur.