BENJAMIN BALDWIN, EMPLOYEE, PLAINTIFF APPELLANT v. N. C. MEMORIAL HOSPITAL, EMPLOYER, DEFENDANT APPELLEE SELF-INSURED

No. 7614IC976

(Filed 6 April 1977)

Master and Servant § 65— workmen's compensation — permanent partial disability of back — incapacity to work

Plaintiff's argument that his age, failure to complete high school, excess weight, and lack of training for any other employment coupled with his back disability made him unemployable and that he should therefore be considered totally disabled and compensated under the provisions of G.S. 97-29 is without merit, since the award for plaintiff's 50% permanent disability of the back was made pursuant to G.S. 97-31 which provided that compensation made thereunder should be in lieu of all other compensation.

APPEAL by plaintiff from an award of the North Carolina Industrial Commission filed 27 July 1976. Heard in the Court of Appeals 10 March 1977.

Plaintiff was injured by accident arising out of and in the course of his employment. The Commission found as a fact that:

" '11. As a result of the fall, plaintiff's preexisting back condition has been aggravated to the extent that he now

has a fifty percent permanent partial disability of the back.' "

The Commission made conclusions of law as follows:

"2. As a result of this injury, plaintiff was temporarily totally disabled until June 1, 1974, at which time he reached maximum improvement. Defendant has therefore paid plaintiff all the temporary disability to which he is entitled.

3. As a result of this injury, plaintiff has sustained a fifty percent permanent partial disability of the back, for which he is entitled to $56.00 per week for 150 weeks, beginning on June 1, 1974."

An award, consistent with the foregoing, was then entered.

*Attorney General Edmisten, by Associate Attorneys Sandra M. King and Elisha H. Bunting, Jr., for the State.*

*Felix B. Clayton and William Land Parks, by Felix B. Clayton, for plaintiff appellant.*

VAUGHN, Judge.

The award for plaintiff's fifty percent permanent disability of the back was made pursuant to G.S. 97-31 which, in pertinent part, is as follows:

"In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period and in addition the disability shall be deemed to continue for the period specified, and *shall be in lieu of all other compensation,* including disfigurement, to wit: . . .

\* \* \*

(23) For the total loss of use of the back, sixty-six and two-thirds percent (66⅔%) of the average weekly wages during 300 weeks. The compensation for partial loss of use of the back shall be such proportion of the periods of payment herein provided for total loss as such partial loss bears to total loss, except that in cases where there is seventy-five per centum (75%) or more loss of use of the back, in which event the injured employee shall be deemed to have suffered *'total industrial disability'* and compensated as for total loss of use of the back." (Emphasis added.)

---

Baldwin v. Hospital

---

The essence of plaintiff's argument on appeal is as follows: There was evidence tending to show that plaintiff is 59 years old, did not finish high school, is overweight and is untrained for any other employment. Plaintiff argues that when these conditions were coupled with the back disability, it made him unemployable and, therefore, he should be considered totally disabled and compensated under the provisions of G.S. 97-29.

The argument runs contrary to the express terms of the statute. Plaintiff's back disability makes his right to an award subject to G.S. 97-31. An award under G.S. 97-31 is "in lieu of all other compensation." Plaintiff, in his brief, does not attempt to distinguish his case from the cases where this Court has rejected the very argument he now advances. Indeed, they are not mentioned. In *Loflin v. Loflin*, 13 N.C. App. 574, 186 S.E. 2d 660, *cert. den.*, 281 N.C. 154, 187 S.E. 2d 585, at p. 578, this Court said:

> ". . . The General Assembly, when it enacted G.S. 97-31 and, in 1955, made it applicable to the partial loss of use of the back, provided that compensation payable thereunder was 'in lieu of all other compensation.' 'The language of G.S. 97-31 is clear, and its provisions are mandatory.' *Watts v. Brewer*, 243 N.C. 422, 90 S.E. 2d 764 (1956). The fact that an injury is one of those enumerated in the schedule of payments set forth under G.S. 97-31 precludes the Commission from awarding compensation under any other provision of the Act."

Similar language and a like result may be found in *Dudley v. Motor Inn*, 13 N.C. App. 474, 186 S.E. 2d 188. The award of the Commission is affirmed.

Affirmed.

Judges MORRIS and MARTIN concur.