PAUL O. PERRY, Employee, Plaintiff v. HIBRITEN FURNITURE COMPANY, Employer; LIBERTY MUTUAL INSURANCE CO., Carrier; Defendants

No. 7724IC279

(Filed 7 March 1978)

1. **Master and Servant § 69— workmen's compensation—finding as to maximum recovery—sufficiency of evidence**

The Industrial Commission did not err in finding that plaintiff had reached maximum recovery on a specified date, though there was evidence that plaintiff was still suffering pain in his back and legs, that his doctor recommended further treatment to relieve the pain, and that another doctor was of the opinion that further surgery *might* help reduce pain, since it was the opinion of both doctors that after an adequate healing period plaintiff's condition had stabilized by the specified date.

2. **Master and Servant § 72— partial disability—no consideration of loss of wage-earning power**

Plaintiff's contention that the Industrial Commission erred in finding that he had a 50% permanent partial disability of the back because all the evidence established that plaintiff was unable to perform any common labor and because the true measure of disability is not the degree of physical impairment but the degree by which ability to earn wages has been diminished is without merit, since, under G.S. 97-31, a disability is made compensable without regard to the loss of wage-earning power and in lieu of all other compensation.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 20 December 1976. Heard in the Court of Appeals 1 February 1978.

Plaintiff received a back injury while working for defendant-employer. The Industrial Commission held the injury compensable and directed payment of compensation to plaintiff for temporary total disability until such time as it might be determined that plaintiff had reached maximum improvement or until the end of the healing period. At the hearing before Deputy Commissioner Shuford to determine permanent disability and the rate of compensation, plaintiff's testimony tended to show that he had an eighth grade education, leaving school to work as a common laborer, and beginning work for defendant-employer eight years before the accident on 17 April 1973. As a result of the accident, he constantly had pain in his back and legs and could not lift any weight. Medical testimony tended to show that Dr. Ted Walker performed an operation for ruptured discs in August 1975. (Plain-

tiff had his first spinal operation in January 1974, by a Dr. Williams, who did not appear as a witness.) It was his opinion that plaintiff reached maximum improvement in January or March 1976; that plaintiff had 75% loss of use of his back and 50% partial permanent disability. Dr. McBryde examined plaintiff on 20 February 1976; it was his opinion that plaintiff had permanent partial disability within the range of 25% to 35%, that he could never do any hard work. It was also his opinion that surgery "might, perhaps, be of some benefit in reducing the level of pain." Dr. D. G. Joyce testified that he examined plaintiff on 24 March 1976 and found that maximum improvement had been reached on that date, that plaintiff had a permanent partial disability of 35% of the back and that plaintiff would be unable to do any strenuous physical activity. It was his opinion that plaintiff had poor results from the two lumbar laminectomies in that there were bony encroachments.

The Deputy Commissioner found that plaintiff reached maximum improvement on 25 March 1976 and that he had a fifty percent permanent partial disability of his back. The Commissioner concluded that the 50% partial permanent disability was compensable at the rate of $56.00 per week for a period of 150 weeks beginning 25 March 1976, pursuant to G.S. 97-31(23) and awarded same to plaintiff, along with additional amounts to cover uncompensated medical expenses and attorney's fees. Plaintiff appealed to the Full Commission which affirmed the Deputy Commissioner. Plaintiff appeals.

*Finger, Watson & Di Santi by C. Banks Finger and Anthony S. Di Santi for plaintiff appellant.*

*Hedrick, Parham, Helms, Kellam & Feerick by Edward L. Eatman, Jr. for defendant appellees.*

CLARK, Judge.

The plaintiff has grouped his assignments of error into two arguments: that the Commission erred in finding as fact that, first, plaintiff reached maximum improvement on 25 March 1976, and, second, plaintiff had a 50% permanent partial disability of the back.

[1]  The argument that plaintiff had not reached maximum improvement on 25 March 1976 is based on the medical evidence that on that date he was suffering pain in the back and legs, that Dr. Waller (the treating orthopedist) recommended "further treatment for the purpose to attempt to relieve him of his leg pain," and that Dr. McBryde (the consulting orthopedist) was of the opinion that surgery *might* help reduce pain. Plaintiff contends that this evidence establishes that the healing period had not reached a point of stabilization because there was still the possibility of improvement with further treatment or another operation. A recent decision of this Court, in a case with factual circumstances somewhat similar to the case before us, defined "healing period" as follows:

> "The healing period, within the meaning of G.S. 97-31, is the time when the claimant is unable to work because of his injury, is submitting to treatment, which may include an operation or operations, or is convalescing. . . . This period of temporary total disability contemplates that eventually there will be either complete recovery, or an impaired bodily condition which is stabilized. . . . When the claimant has an operation to correct or improve the impairment resulting from his injury, the healing period continues after recovery from the operation until he reaches maximum recovery. The healing period continues until, after a course of treatment and observation, the injury is discovered to be permanent and that fact is duly established. . . ." *Crawley v. Southern Devices, Inc.*, 31 N.C. App. 284, 288, 229 S.E. 2d 325, 328 (1976).

It is noted that Dr. Waller did not specify the treatment which would relieve pain, and that Dr. McBryde felt that further surgery *might* reduce pain, but it was the opinion of both physicians that after an adequate healing period the claimant's condition had stabilized by 25 March 1976. It is further noted that though Dr. Joyce, defendants' witness, felt something should be considered to relieve claimant's pain, he didn't have anything to offer. The *Crawley* case and the case *sub judice* are factually similar in that both claimants sustained back injuries, had spinal operations, continued to have pain after stabilization following the healing period, and there was medical opinion that another operation could *possibly* alleviate pain. It is significant, first, that the improvement was *possible* with another operation, and, second,

that plaintiff rejected another operation. In view of the mere possibility that another (third) operation would improve his condition, the plaintiff was fully justified in his rejection, but having so elected he is not in position to argue convincingly that he has not reached maximum improvement. Nor is maximum recovery deferred by plaintiff's inability to return to his prior occupation. We find no error in the Commission's finding that maximum recovery was reached on 25 March 1976, it being supported by competent evidence.

[2] Plaintiff's argument that the Commission erred in finding that he has a 50% permanent partial disability of the back is based on the contention that all the evidence establishes that claimant is unable to perform any common labor, and that the true measure of disability is not the degree of physical impairment but the degree by which ability to earn wages has been diminished. Plaintiff's argument has some support in the Georgia cases on which he relies, but in this State G.S. 97-31 sets out a strict and exclusive compensation scheme, and G.S. 97-31(23), relating to back injury, provides:

> "For the total loss of use of the back, sixty-six and two-thirds percent (66 2/3%) of the average weekly wages during 300 weeks. The compensation for partial loss of use of the back shall be such proportion of the periods of payment herein provided for total loss as such partial loss bears to total loss, except that in cases where there is seventy-five per centum (75%) or more loss of use of the back, in which event the injured employee shall be deemed to have suffered 'total industrial disability' and compensated as for total loss of use of the back."

Though "disability" signifies an impairment of wage-earning capacity rather than a physical impairment [G.S. 97-2(9)], this signification does not establish impairment of wage-earning capacity as the measure of compensation. *Loflin v. Loflin*, 13 N.C. App. 574, 186 S.E. 2d 660, *cert. den.* 281 N.C. 154, 187 S.E. 2d 585 (1972). Under G.S. 97-31 a disability is deemed to continue after the healing period of employee's injuries and is made compensable without regard to the loss of wage-earning power and in lieu of all other compensation. The opinions of the three orthopedist witnesses varied from 35% to 50% permanent partial

disability, though the treating physician did testify that there was a 75% physical loss of use of the .back. The Commission's finding of 50% partial permanent disability of the back is supported by competent evidence, and we find no error.

The order appealed from is

Affirmed.

Judges VAUGHN and ERWIN concur.