HAZEL L. CARPENTER, EMPLOYEE v. INDUSTRIAL PIPING COMPANY, EMPLOYER, AND UNITED STATES FIDELITY & GUARANTY COMPANY, CARRIER, DEFENDANTS

No. 8410IC587

(Filed 5 March 1985)

**Master and Servant § 69.1— maximum improvement—stabilization rather than temporary improvement**

There was competent evidence to support the Industrial Commission's findings that plaintiff had reached maximum improvement on 19 November 1981 and that his condition on 28 January 1981 had only temporarily improved where plaintiff suffered back and leg pain due to a twisting motion which caused a vertebra to slip forward and pinch a nerve, and where plaintiff had suffered since 1946 from spondylolisthesis, a lower back problem involving forward displacement of a vertebra upon the one below from which temporary relief is common when the vertebra slips into a less painful position. G.S. 97-31.

APPEAL by defendants from the North Carolina Industrial Commission. Opinion and award of the Full Commission filed 11 January 1984. Heard in the Court of Appeals 5 February 1985.

Plaintiff worked as a pipefitter for defendant Industrial Piping Company. On 16 October 1980 plaintiff injured his back while helping to move a heavy (150-200 pound) ladder at work. Plaintiff was treated initially by Dr. Land, who referred him to Dr. Charles Heinig, an orthopedist. Plaintiff was first seen by Dr. Heinig on 28 January 1981.

Dr. Heinig's examination revealed that plaintiff suffers from spondylolisthesis, a congenital deformity of the spine. Plaintiff

has suffered episodes of back pain since 26 May 1946. He often gained relief from pain when his wife manipulated his spine so that he experienced a sensation of something snapping back into place. Although plaintiff suffered pain after the 16 October 1980 accident, he felt something "snap into place" shortly before his first appointment with Dr. Heinig. Plaintiff thus was in fairly good condition at the time he first saw Dr. Heinig.

Yet, the relief was short-lived, and the back pain returned and has persisted to the present. Plaintiff returned to Dr. Heinig on 19 November 1981, 28 December 1981, and 25 February 1982. During his 19 November visit plaintiff complained of pain in his back and right leg. He was unable to return to work as a pipefitter. His condition did not change between his 19 November 1981 and 25 February 1982 appointments.

Deputy Commissioner Linda Stephens concluded that plaintiff reached maximum medical improvement on 28 January 1981, and made an award accordingly. Plaintiff appealed to the Full Commission, which concluded that plaintiff reached maximum medical improvement as of 19 November 1981 and adjusted plaintiff's award. The defendants now appeal from the Full Commission's order, contending that the Deputy Commissioner's determination was correct.

*Myers, Ray, Myers, Hulse & Brown, by R. Lee Myers, for defendant appellants.*

*Jean P. Werner and Brenton D. Adams for plaintiff appellee.*

ARNOLD, Judge.

Defendants contend that the Full Commission erred in finding that plaintiff reached maximum medical improvement on 19 November 1981, the date of his second appointment with Dr. Heinig. They argue that as of 28 January 1981, the date plaintiff first saw Dr. Heinig, the period of healing for plaintiff's injury was over and Dr. Heinig could do and did no more for plaintiff in the way of treatment. The Full Commission found, however, that on 28 January plaintiff was experiencing temporary relief of his symptoms and that thereafter his condition deteriorated. They found further that plaintiff's condition did not stabilize until the Fall of 1981.

Plaintiff seeks to recover under G.S. 97-31. That section provides for compensation of temporary disability during the healing period of the injury and for permanent disability at the end of the healing period, when maximum recovery has been achieved. The "healing period" of the injury "is the time when the claimant is unable to work because of his injury, is submitting to treatment, which may include an operation or operations, or is convalescing." *Crawley v. Southern Devices, Inc.*, 31 N.C. App. 284, 288-89, 229 S.E. 2d 325, 328 (1976), *disc. rev. denied*, 292 N.C. 467, 234 S.E. 2d 2 (1977). "This period of temporary total disability contemplates that eventually there will be either complete recovery, or an impaired bodily condition which is stabilized." *Crawley*, 31 N.C. App. at 289, 229 S.E. 2d at 328. The "healing period" ends when, "after a course of treatment and observation, the injury is discovered to be permanent and that fact is duly established." *Crawley*, 31 N.C. App. at 289, 229 S.E. 2d at 329.

The point at which the injury has stabilized is often called "maximum medical improvement," although that term is not found in the statute itself. This term creates confusion, especially in cases like the present. It connotes that a claimant is only temporarily totally disabled and his body healing when his condition is steadily improving, and/or he is receiving medical treatment. Yet, recovery from injuries often entails a healing period of alternating improvement and deterioration. In these cases, the healing period is over when the impaired bodily condition is stabilized, or determined to be permanent, and not at one of the temporary high points. Moreover, in many cases the body is able to heal itself, and during convalescence doctors refrain from active treatment with surgery or drugs. Thus, the absence of such medical treatment does not mean that the injury has completely improved or that the impaired bodily condition has stabilized.

In the present case, the plaintiff had suffered since 1946 from spondylolisthesis, a lower back problem which involves forward displacement of a vertebra upon the one below. This causes an unstable arrangement in the spine and the vertebra will slide slightly back and forth or snap out of place. Sometimes relief is experienced when the vertebra moves back into place.

The Full Commission found that plaintiff's injury on 16 October 1980 "materially aggravated and accelerated plaintiff's pre-

existing spondylolisthesis in such fashion and to such a degree as to produce the back and leg pain from which plaintiff suffers." Dr. Heinig's testimony supports this finding in that Dr. Heinig stated the plaintiff experienced back and leg pain after 16 October 1980, which prevented him from working, and which would prevent him from returning to work until he had a surgical fusion of the vertebrae. He attributed this pain to plaintiff's twisting motion on 16 October, which caused a vertebra to slip forward and pinch a nerve.

Dr. Heinig testified further that although when he saw plaintiff on 28 January 1981 he thought plaintiff would be able to return to work, he felt that now plaintiff's disability is permanent: ". . . he does have a permanent disability based on a combination of things and I really don't anticipate he is going to improve or worsen a great deal either. I think the situation is relatively static at this point." Asked when plaintiff reached "maximum improvement" he stated, "Actually from November of 1981, until the last visit of February of '82, you know, I have seen no changes in his situation." Dr. Heinig's testimony suggested that plaintiff's improved condition on 28 January 1981 was temporary relief common in persons with spondylolisthesis, which occurs when the vertebra slips into a less painful position.

The Full Commission thus had competent evidence before it to support its findings that plaintiff reached maximum improvement on 19 November 1981 and that his condition on 28 January 1981 had only temporarily improved. These findings are therefore binding on appeal, even though there may be evidence to support a contrary finding. *Schofield v. Tea Co.*, 32 N.C. App. 508, 514, 232 S.E. 2d 874, 878, *disc. rev. denied*, 292 N.C. 641, 235 S.E. 2d 62 (1977).

Affirmed.

Judges EAGLES and PARKER concur.