HARRY S. MITCHELL, EMPLOYEE v. FIELDCREST MILLS, INC., EMPLOYER, SELF-INSURED

No. 8610IC667

(Filed 17 March 1987)

Master and Servant § 67.3— workers' compensation—injury aggravating preexisting condition—claimant totally and permanently disabled

Evidence was sufficient to support the Industrial Commission's findings of fact and conclusions of law that claimant was totally and permanently disabled as a result of his job-related injury where the evidence tended to show that the work-related injury aggravated or accelerated claimant's preexisting, non-disabling, non-job-related condition. N.C.G.S. § 97-29.

APPEAL by defendant from Opinion and Award of the Industrial Commission filed 5 March 1986. Heard in the Court of Appeals 10 December 1986.

Claimant suffered a compensable injury to his back on 19 November 1977 while working in the slasher room of defendant's Greensboro mill. He underwent a laminectomy and a discectomy for removal of a ruptured disc. On 3 November 1978, defendant was ordered to pay temporary total workers' compensation to claimant at the rate of $148.78 per week until the end of the healing period. Then, on 4 May 1981, a Supplemental Opinion and Award was entered, finding claimant was permanently partially disabled, and ordered payment to continue until claimant reached maximum medical improvement or returned to work.

Upon petition by claimant, an amended Opinion and Award was entered on 22 June 1984, in which the deputy commissioner

concluded that the claimant had sustained a change of condition, justifying reinstatement of temporary total disability payments. The temporary total disability payments were to begin retroactively on 4 February 1984, the date claimant underwent a second surgery to relieve nerve root compression. Upon further petition by claimant, the temporary total disability was changed to permanent total disability under G.S. 97-29. The Opinion and Award by Deputy Commissioner Angela Bryant was entered on 8 November 1985 and was unanimously affirmed by the Full Commission 24 March 1986. Defendant appeals.

Smith, Patterson, Follin, Curtis, James and Harkavy by Henry N. Patterson, Jr., and Jonathan R. Harkavy for plaintiff-appellee.

Smith Helms Mulliss and Moore by J. Donald Cowan, Jr., and Caroline Hudson for defendant-appellant.

PARKER, Judge.

The sole question presented by defendant's appeal is whether the evidence presented to the deputy commissioner was sufficient to support her finding that claimant is totally and permanently disabled. Defendant's brief states that the primary basis for its argument is that claimant should be limited to the schedule for compensation provided in G.S. 97-31(23) for the total loss of use of the back. The statute states that this scheduled compensation "shall be in lieu of all other compensation."

However, in Whitley v. Columbia Lumber Mfg. Co., 318 N.C. 89, 348 S.E. 2d 336 (1986), the Supreme Court held that if a claimant is totally and permanently disabled within the meaning of G.S. 97-29, then that claimant is not limited to a recovery under the schedule of compensation of G.S. 97-31. The Supreme Court stated that "Section 29 is an alternate source of compensation for an employee who suffers an injury which is also included in the schedule." Id. at 96, 348 S.E. 2d at 340 (emphasis added). Under this interpretation, the "in lieu of" clause of G.S. 97-31 acts to prevent double recovery of benefits under different sections of the Workers' Compensation Act, but it does not provide for an exclusive remedy. Id. at 98, 348 S.E. 2d at 341.

Therefore, defendant is left with the argument that the evidence was insufficient to support the Commission's findings of

fact and conclusions of law that claimant is totally and permanently disabled as a result of his job-related injury. The Commission, in adopting the findings and conclusions of the deputy commissioner, found the following facts:

> 6. Plaintiff has a residual 60 percent permanent partial impairment of the back . . . . While 20 percent impairment . . . pre-existed plaintiff's 1977 injury, the effects . . . were aggravated by the compensable injury to result in a total 60 percent permanent partial impairment of the spine.

> 7. Plaintiff is totally and permanently disabled from working as a result of the residual impairment from his back injury and surgery, the sensory and motor neuropathy from his diabetes and impairment to peripheral circulation which were not caused or aggravated by his injury or surgery. In addition, plaintiff has a post-operative spinal stenosis with nerve root fibrosis, [and] arachnoiditis . . . as a result of his injury. The diabetes aggravates his nerve root fibrosis to make his neuropathy worse than it would have been without the back injury. These residuals from the back injury and surgery have caused referred pain to and impairment of the use of the legs which is contributing to plaintiff's disability.

From these factual findings, the Commission concluded that claimant was totally and permanently disabled as the result of the work-related injury and awarded compensation at the rate of $148.78 per week for "so long as he remains totally and permanently incapable of earning wages as a result of the injury . . . ." These findings are binding on this Court if there is competent evidence in the record to support them, even if there is evidence to the contrary. McLean v. Roadway Express, Inc., 307 N.C. 99, 296 S.E. 2d 456 (1982).

The evidence presented at the hearing consisted of the deposition of Dr. J. Leonard Goldner, an orthopedic surgeon from the Duke University Medical Center, who performed the second surgery on claimant in February of 1984 and has continued to treat claimant. Also presented at the hearing were a number of exhibits related to claimant's several hospital stays at Duke between 1982 and 1985. Dr. Goldner testified at the deposition that the claimant's condition had worsened between May of 1984 and May of 1985 when he was admitted to Duke for reassessment. By

---
**Mitchell v. Fieldcrest Mills, Inc.**

---

May 1985, claimant could walk only about a block, frequently had no control over his legs and was complaining of increased pain.

Claimant was 47 years old at the time of his injury and had been employed at defendant's mill for 21 years. Claimant can neither read nor write except to sign his name. Dr. Goldner testified that claimant had a 60 percent impairment to his back. This impairment, when considered in light of claimant's education, age, work experience and other infirmities, was enough, in Dr. Goldner's opinion, to prevent claimant from earning wages at any job. Claimant's other infirmities, which preexisted the compensable injury, were diabetes, osteoarthritis and arteriosclerosis.

The medical testimony in this case was that the work-related injury and claimant's preexisting condition had the combined effect of rendering claimant totally and permanently disabled. In *Kendrick v. City of Greensboro*, 80 N.C. App. 183, 187, 341 S.E. 2d 122, 124 (1986), this Court, citing *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173 (1951), stated: "[I]f plaintiff's work-related accident contributed in 'some reasonable degree' to his disability he is entitled to compensation." Claimant in this case worked at his regular job notwithstanding his nonoccupational infirmities until his job-related accident. After his accidental injury, plaintiff was unable to return to gainful employment.

Defendant does not dispute that claimant is totally disabled, but argues that only a portion of the total disability is compensable. The requirement stated in *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981), that the work-related injury aggravate or accelerate the preexisting, nondisabling, non-job-related condition for claimant to obtain total disability benefits, is in our view satisfied by the Commission's findings, based on competent evidence.

The Commission, in Finding of Fact #6, found that the effects of claimant's preexisting conditions were aggravated by the compensable injury. Then, in the following factual finding, the Commission found that claimant's "diabetes aggravates his nerve root fibrosis to make his neuropathy worse than it would have been without the back injury." These findings find support in the evidence in the deposition of Dr. Goldner, who stated that it was his opinion "that [claimant's] alleged injury did aggravate his preexisting condition." Even though there is evidence which could

Mitchell v. Fieldcrest Mills, Inc.

support contrary findings, the findings made by the Commission are supported by competent evidence and are, thus, binding on this appeal. *McLean, supra.*

The Commission also found that the compensable back injury and resulting surgery was causing referred pain into claimant's legs, further contributing to the total disability. The Supreme Court held in *Fleming v. K-Mart Corp.*, 312 N.C. 538, 546, 324 S.E. 2d 214, 218-219 (1985), that "when . . . an injury to the back causes referred pain to the extremities of the body and this pain impairs the use of the extremities, then the award of workers' compensation must take into account such impairment." Claimant had complained of increasing pain in his legs, such that he could walk no more than one block at a time. During his deposition, Dr. Goldner testified that this referred pain was caused, at least in part, by the compensable injury. The doctor also believed that claimant's diabetes could be a cause of this referred pain, but he was unable to differentiate between the two. This evidence further supports the findings by the Commission that the compensable injury aggravated or accelerated claimant's preexisting conditions so that, acting together, they cause claimant's total disability.

The evidence in this case was confusing and at times ambiguous. The Commission as trier of fact found that claimant is totally and permanently disabled as a result of his compensable injury. The facts as found by the Industrial Commission are supported by competent evidence in the record. These findings are sufficient to justify the award of total disability under G.S. 97-29. The Opinion and Award of the Commission in this case is

Affirmed.

Judges WELLS and MARTIN concur.