MICHAEL DEMERY, Employee, Plaintiff v. CONVERSE, INCORPORATED, Employer, GAB BUSINESS SERVICES, Carrier, Defendants

No. COA99-592

(Filed 6 June 2000)

**1. Workers' Compensation— back injury—existing condition—compensability—medical testimony**

The Industrial Commission did not err in a workers' compensation proceeding by concluding that plaintiff's back injury was compensable where defendants contended that the medical testimony upon which the conclusion rested was based upon an inaccurate medical history. The record is not replete with evidence that plaintiff had an existing degenerative back condition and the medical testimony that plaintiff's impairment was caused by his work-related injuries was in consideration of defendants' assertions as to a pre-existing condition.

**2. Workers' Compensation— disability—maximum medical improvement—inability to earn any wages—evidence insufficient**

The Industrial Commission erred in a workers' compensation action by concluding that plaintiff was entitled to total and per-

DEMERY v. CONVERSE, INC.

[138 N.C. App. 243 (2000)]

manent disability benefits where plaintiff had no presumption of total disability because a Form 21 was not completed and plaintiff did not meet the burden of showing that he is totally disabled and unable to earn any of the wages he was receiving at the time of his injury in the same or any other employment. Findings that plaintiff is restricted in his work after reaching maximum medical improvement do not necessarily support the finding that he is totally disabled. A prior opinion in this case holding that plaintiff is not entitled to temporary total disability after reaching maximum medical improvement, but may receive permanent disability upon prove of entitlement, is the law of the case.

Appeal by defendants from an opinion and award entered 22 January 1999 by the North Carolina Industrial Commission. Heard in the Court of Appeals 24 February 2000.

*Huggins & Pounds, by Dallas M. Pounds, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Gregory M. Willis, for defendant-appellants.*

*The Law Offices of George W. Lennon, by Michael W. Ballance, and The Jernigan Law Firm, by Leonard T. Jernigan, Jr., for the North Carolina Academy of Trial Lawyers, amicus curiae.*

HUNTER, Judge.

Converse, Incorporated ("Converse") and GAB Business Services (collectively "defendants") contend that the North Carolina Industrial Commission ("Industrial Commission") erred in its conclusion that Michael Demery ("plaintiff") sustained compensable injuries under the Workers' Compensation Act ("Act") on 19 April 1994 and 16 May 1994 and that as a result, he is permanently and totally disabled. We affirm in part and reverse in part.

The facts relevant to this appeal indicate that plaintiff began working for Converse in 1977 and was laid off in 1985. He returned to work for Converse in 1991 as a "last puller." "Lasts" are shoe molds, which plaintiff counted and placed in a buggy. A buggy of molds weighs approximately fifty pounds.

On 19 April 1994, plaintiff was unloading a buggy and picked up a basket of lasts and placed them on the floor. At the same time, plaintiff felt pain in the right side of his lower back near his belt line. Upon experiencing sharp pain in his back radiating down his right leg,

**DEMERY v. CONVERSE, INC.**

[138 N.C. App. 243 (2000)]

plaintiff reported the incident to his foreman, who referred him to the company nurse. The company nurse applied heat to plaintiff's back, and sent plaintiff home for the remainder of the day. Plaintiff consulted Doctor's Urgent Care in Lumberton, North Carolina on 21 April 1994 for tenderness in his lower back which had begun at work on 19 April 1994. Plaintiff was diagnosed with lumbar strain, provided medication, and told to return to work on light duty. Plaintiff returned to Doctor's Urgent Care on 25 and 29 April 1994, and returned to work with Converse on 3 May 1994 to his regular duties rather than light-duty work.

Plaintiff was picking up a basket of lasts on 16 May 1994 when he felt pain in the left side of his lower back with radiating pain down his left leg. Plaintiff reported his injury to his foreman, who directed him to the company nurse. Again, the company nurse applied heat to plaintiff's lower back.

Plaintiff was seen by the company nurse on 1 November 1994 complaining of back pain, which he reported had been continual since 19 April 1994. On 2 January 1995, plaintiff returned to work from his Christmas break and after a few hours, reported to his foreman that he could no longer stand his back pain. Plaintiff then left his work at Converse, never to return.

Plaintiff thereupon consulted Dr. Veda N. Thakur, who performed an MRI on plaintiff and diagnosed him with a central herniated disc at L4-L5 with left lateral recess encroachment at L4-L5 and a right neural foramen encroachment at L4-L5 and L5-S1. Plaintiff consulted Dr. James Rice of the Sandhills Orthopaedic Clinic on 21 February 1995. Dr. Rice performed a L4-5 diskectomy on plaintiff on 21 March 1995, and a repeat L4-5 diskectomy on 29 September 1995. Dr. Rice opined that plaintiff reached his maximum medical improvement on 4 September 1996, retaining a twenty percent (20%) permanent partial impairment to his back. Dr. Rice placed plaintiff on permanent work restrictions of frequent change of position, limited bending and stooping, and lifting of weights no greater than twenty-five pounds.

Plaintiff's workers' compensation claim was heard by a deputy commissioner on 22 May 1997, who awarded plaintiff temporary total disability from 2 January 1995 to 14 August 1996, permanent partial disability for 60 weeks beginning 14 August 1996, medical expenses, and twenty-five percent (25%) attorney's fees. Plaintiff appealed the deputy commissioner's opinion and award to the Full Industrial

DEMERY v. CONVERSE, INC.

[138 N.C. App. 243 (2000)]

Commission ("Full Commission"). The Full Commission entered an opinion and award on 3 February 1998 and plaintiff was granted temporary total disability from 2 January 1995 onward "as long as plaintiff remains temporarily totally disabled," and medical expenses. Defendants filed an appeal to this Court, which entered an opinion pursuant to Rule 30(e) on 18 August 1998, remanding the case to the Industrial Commission. That opinion provided, in pertinent part:

> During deposition, Dr. Rice testified that, "the injury sustained on April 19th and the injury on the 16th of May, either one of those could have been implicated in causing [plaintiff's back] problems"; and "it's more likely than not that those injuries caused the problems that he presented with his back[.]" However, the Commission failed to make any findings as to causation in its opinion and award. . . .
>
> . . .
>
> In sum, because the Commission failed to make findings as to causation between plaintiff's injuries and his employment with defendant Converse, and erred in awarding plaintiff temporary total disability benefits after he had reached maximum medical improvement, the opinion and award of the Full Commission is reversed. Therefore, this matter is remanded to the Commission for entry of findings and an award not inconsistent with this opinion.

On remand, the Full Commission filed a second opinion and award wherein it made the following findings of fact as to causation:

> 15. Dr. Rice has opined that plaintiff's back condition on 21 February 1996 was caused by the combined effects of his 19 April 1994 and 16 May 1994 work related injuries. Dr. Rice has also opined that plaintiff was incapable of returning to any gainful employment during his period of treatment from 21 February 1995 through 14 August 1996. Dr. Rice[']s[] opinions on these issues are accepted as credible and are accorded significant weight.
>
> 16. Plaintiff's back condition, which resulted in multiple surgeries, was caused by the combined effect of his 19 April 1994 injury by accident and his 16 May 1994 injury by accident.

The Full Commission concluded, in pertinent part:

**DEMERY v. CONVERSE, INC.**

[138 N.C. App. 243 (2000)]

2. On 19 April 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident. . . .

3. On 16 May 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident which resulted in the aggravation of his back condition. . . .

4. As a result of his 19 April 1994 and 16 May 1994 injuries by accident, plaintiff is entitled to have defendants pay temporary total disability compensation . . . from 2 January 1995 to 4 September 1996. . . .

. . .

7. As the result of his 19 April 1994 and 16 May 1994 injuries by accident and pursuant to the decision by the Court of Appeals in this matter, plaintiff is entitled to have defendants pay permanent and total disability compensation . . . for the period of 4 September 1996 and continuing for the remainder of his lifetime or until further Order of the Commission. . . .

The Full Commission also awarded plaintiff lifetime medical expenses incurred as a result of said injuries. Defendants appeal.

First, we note that on appellate review of an award of the Industrial Commission, its findings of fact are conclusive if supported by competent evidence; the legal conclusions drawn by the Commission from its findings of fact, however, are fully reviewable by the appellate courts. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982).

[1] In defendants' first assignment of error, they contend that the Full Commission erred in its conclusion that plaintiff's injuries from the 19 April 1994 and 16 May 1994 incidents are compensable under the Act. They contend that plaintiff had a pre-existing impairment to his back and any injury during his work was a temporary exacerbation of that condition. Defendants point out that the Full Commission's findings on plaintiff's injury were based solely on the testimony of Dr. Rice, whose opinion was based on an inaccurate medical history, and they direct this Court to the holding in *Thacker v. City of Winston-Salem*, 125 N.C. App. 671, 482 S.E.2d 20, *disc. review denied*, 346 N.C. 289, 487 S.E.2d 571 (1997).

DEMERY v. CONVERSE, INC.

[138 N.C. App. 243 (2000)]

In *Thacker*, the plaintiff had a history of back problems which had begun before his work-related injury. Although the treating physician stated that he could not determine if the work-related injury was the cause for plaintiff's surgery, the Full Commission awarded benefits. This Court held:

> Thus, the record is replete with medical evidence which suggests that plaintiff's cervical spondylosis was a degenerative condition that was expected to deteriorate over time ultimately resulting in surgery to remove the bone spurs causing the pain; that plaintiff had begun to experience increased pain several months prior to the accident; and that the accident did not aggravate his back condition and necessitate surgery, rather the progression of his back condition resulted in surgery. Moreover, the record is devoid of any medical evidence to establish the necessary causal relationship without conjecture and remote possibility. Therefore, since we find the competent evidence insufficient to support the Commission's findings and conclusion that plaintiff's accident aggravated his pre-existing back condition, we must reverse.

*Thacker*, 125 N.C. App. at 676, 482 S.E.2d at 23.

"[W]here the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Click v. Freight Carriers*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980). To establish the necessary causal relationship for the injury to be compensable under the Act, "the evidence must be such as to take the case out of the realm of conjecture and remote possibility." *Gilmore v. Board of Education*, 222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942).

Unlike *Thacker*, the present case is not replete with evidence that plaintiff had a degenerative back condition prior to the injuries in question. Defendants point to no specific evidence regarding a pre-existing condition other than the fact that plaintiff sought treatment for back pain with a physician in March 1990 and had complained of and sought treatment for lower back pain with the company nurse several times before these injuries. Dr. Rice confirmed that it would not be unusual for a worker in plaintiff's job to complain of back pain to the company nurse on occasion over several years. Dr. Rice testified that plaintiff's prior visits "would indicate that he definitely had

DEMERY v. CONVERSE, INC.

[138 N.C. App. 243 (2000)]

pre-existing problems. It doesn't appear from these notes and what you're telling me that he had a long term of incapacitation with his back prior to [the 19 April injury]. . . ." "[M]ore likely than not, he's had [a] pre-existing disease that was aggravated by his injury." However, after being informed by defendants of plaintiff's history after 16 May 1994, Dr. Rice replied: "With the additional history given, it makes it more suspect of the—either the April or the May injury being the *sole cause* of his problems." (Emphasis added.) Additionally, Dr. Rice testified that plaintiff had no signs of sciatic irritation or nerve root impingement up to 2 May 1994. Dr. Rice's testimony does not indicate that his conclusion as to plaintiff's injury was based on an incorrect medical history. In consideration of defendants' assertions as to a pre-existing condition, Rice affirmatively stated that the plaintiff's impairment was caused by his work-related injuries. Competent evidence supports the Full Commission's findings and conclusions as to causation of plaintiff's injury. Moreover, we note that this Court has held that an employee was entitled to workers' compensation benefits when he suffered a compensable injury to his back due to a work-related injury which aggravated or accelerated employee's pre-existing, non-disabling, non-job-related condition. *Mitchell v. Fieldcrest Mills, Inc.*, 84 N.C. App. 661, 353 S.E.2d 638 (1987). Accordingly, defendants' first assignment of error is overruled.

[2] Defendants next contend that the Full Commission erred in concluding that plaintiff is entitled to total and permanent disability benefits. We agree.

While a presumption of total disability attaches when plaintiff and defendant file an Industrial Commission Form 21, entitled "Agreement for Compensation for Disability Pursuant to N.C. Gen. Stat. § 97-82," the record does not indicate that a Form 21 was filed in the present case. Therefore, plaintiff is entitled to no presumption, and has the burden of proving both the extent and degree of his disability before he is entitled to any disability compensation.

Initially, the claimant must prove both the extent and the degree of his disability. *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 475, 374 S.E.2d 483, 485 (1988). However, once the disability is proven, "there is a presumption that it continues until the employee returns to work at wages equal to those he was receiving at the time his injury occurred." *Watson*, 92 N.C. App. at 476, 374 S.E.2d at 485 *(quoting Watkins v. Central Motor Lines*, 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971)). . . .

*Brown v. S & N Communications, Inc.*, 124 N.C. App. 320, 329, 477 S.E.2d 197, 202 (1996).

In the present case, the Full Commission found that plaintiff had met the burden of showing total disability because he was incapable of earning the same wages as before the injury in the same or other employment, and his incapacity to earn wages was caused by a compensable injury. We disagree with the Full Commission's interpretation of total disability.

For the Industrial Commission to find that an employee is permanently and totally disabled, the employee must meet the burden of showing that he is *totally incapable* of earning wages.

> To receive compensation for a permanent total disability, an employee must show that she is "totally unable to 'earn wages which . . . [she] was receiving at the time [of injury] in the same or any other employment.' " *Burwell v. Winn-Dixie Raleigh*, 114 N.C. App. 69, 73, 441 S.E.2d 145, 149 (1994) (quoting *Tyndall*, 102 N.C. App. at 730, 403 S.E.2d at 550). A reduction in wages resulting from a compensable injury will only support permanent partial disability and not a total disability. *See Tyndall*, 102 N.C. App. at 731, 403 S.E.2d at 551. . . .

*Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 205, 472 S.E.2d 382, 386, *cert. denied*, 344 N.C. 629, 477 S.E.2d 39 (1996). In the present case, the medical testimony provided that plaintiff has a twenty percent (20%) partial impairment to his back, and that he has permanent work restrictions of frequent change of position, limited bending and stooping, and lifting of weights no greater than twenty-five pounds. No evidence indicated plaintiff met the requirements of total loss of use of the back, or was permanently and totally disabled under N.C. Gen. Stat. § 97-31, which provides in pertinent part: "The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof, shall constitute total and permanent disability . . . ." N.C. Gen. Stat. § 97-31(17) (1999). Plaintiff's physician did not testify that he could not work, only that his work was restricted to certain limitations. That plaintiff was restricted in his work after he reached maximum medical improvement on 4 September 1996 does support the finding that plaintiff may be permanently disabled. "A finding of maximum medical improvement is simply the prerequisite to a determination of the amount of any *permanent* disability . . . ." *Silver v. Roberts Welding Contractors*, 117 N.C. App. 707, 711, 453 S.E.2d 216, 219 (1995) (emphasis added) (citing

*Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 374 S.E.2d 483 (1988)).

> Temporary total disability is payable only "during the healing period." N.C.G.S. § 97-31 (1991); *Carpenter v. Industrial Piping Co.*, 73 N.C. App. 309, 311, 326 S.E.2d 328, 329-30 (1985). The "healing period" ends when an employee reaches "maximum medical improvement." *Id.* Only when an employee has reached "maximum medical improvement" does the question of her entitlement to permanent disability arise.

*Franklin*, 123 N.C. App. at 204-05, 472 S.E.2d at 385. To the contrary, the findings that plaintiff is restricted in his work after reaching maximum medical improvement does not necessarily support the finding that he is *totally* disabled, as plaintiff did not present evidence that he cannot work in *any* capacity.

In the prior opinion of this Court in the present case, Judge Horton, speaking for the Court, stated in pertinent part:

> [T]he Commission erred in awarding plaintiff temporary total disability compensation after the date of maximum medical improvement. . . . *Once an employee has reached "maximum medical improvement," he may only be entitled to permanent disability benefits. . . .*
>
> Because the Commission found that plaintiff had reached "maximum medical improvement as of 4 September 1996," plaintiff is not entitled to temporary total disability after that date. Thus, the Commission's award of temporary total disability benefits after 4 September 1996 is error and is reversed. Significantly, however, the Commission found that plaintiff retained a 20% permanent partial impairment to his back, and therefore *plaintiff may be entitled to permanent partial disability.*

(Emphasis added.) Under Judge Horton's analysis, plaintiff may not receive temporary total disability after he has reached maximum medical improvement, but may receive permanent disability if he proves he is entitled to it. "According to the doctrine of the law of the case, once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question both in subsequent proceedings in a trial court and on subsequent appeal." *Weston v. Carolina Medicorp, Inc.*, 113 N.C. App. 415, 417, 438 S.E.2d 751, 753 (1994) (citing *Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 210 S.E.2d 181 (1974), and *NCNB v. Virginia Carolina Builders*, 307

N.C. 563, 299 S.E.2d 629 (1983)). Therefore, this Court's prior ruling that plaintiff is not entitled to temporary total disability after reaching maximum medical improvement is now the law of the case, and we do not address this issue as we are encouraged to do by the amicus brief submitted to the Court, which proposes that temporary total disability benefits may be awarded after a finding of maximum medical improvement.

Again, we note that because a Form 21 was not completed in the present case, plaintiff has no presumption of total disability. Our review of the record does not indicate that competent evidence supports the conclusion that plaintiff is totally disabled under the authority announced in *Franklin*. Plaintiff has not met the burden of showing, with competent evidence, that he is totally disabled and therefore unable to earn any of the wages he was receiving at the time of his injury in the same or any other employment. Plaintiff has the burden of showing he is disabled, either partially or totally, before the Industrial Commission may award him permanent disability pursuant to the prior order of this Court. Based on the foregoing, we hold that the award of total and permanent disability was in error. Accordingly, we reverse the opinion and award of the Full Commission on this issue and remand the matter for a determination of plaintiff's alleged permanent disability, if any, in accordance with Judge Horton's directive.

Affirmed in part, reversed in part, and remanded.

Judges WYNN and MARTIN concur.