***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Stephenson. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Stephenson with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on May 8, 2000.
3. Reliance Insurance was originally at risk but due to bankruptcy, the North Carolina Insurance Guaranty Association is the successor in interest.
4. Plaintiff's average weekly wage on May 8, 2000 was $254.36, yielding a compensation rate of $169.72 per week.
5. Plaintiff sustained a compensable injury on May 8, 2000 arising out of and in the course of her employment with defendant-employer.
6. The August 20, 2002 Order filed by Tracey Weaver is admitted into evidence as Stipulated Exhibit # 2.
7. Plaintiff's medical records are admitted into evidence as Stipulated Exhibit # 3.
8. Plaintiff's Rehabilitation records are admitted into evidence as Stipulated Exhibit # 4.
9. The following Industrial Commission Forms are admitted into evidence as Stipulated Exhibit # 5:18, 19, 60, 18M, 33 33R.
10. Discovery is admitted into evidence as Stipulated Exhibit # 6.
11. Plaintiff's ESC records are admitted into evidence as Stipulated Exhibit # 7.
12. An ESC job search is admitted into evidence as Stipulated Exhibit # 8.
13. The issues to be determined by this hearing are whether plaintiff is entitled to future ongoing medical treatment related to the compensable left knee injury; and, whether plaintiff's current disability, if any, is related to her compensable injury.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On May 8, 2000, the plaintiff, Lillie P. Dockery, sustained an admittedly compensable injury by accident to the left knee.
2. Following said injury by accident, plaintiff treated conservatively with Dr. Bradford Faulkenberry and was then transferred to the care of Dr. George Veasy.
3. On August 30, 2000, Dr. Veasy performed arthroscopic surgery on plaintiff's left knee. This surgery revealed arthritic processes in various areas of the left knee.
4. Following said arthroscopic surgery, plaintiff was excused from work until November 20, 2000. Thereafter, plaintiff was released to work with the restriction of climbing the circular stairs only one time per workday.
5. On or about December 10, 2000, plaintiff returned to work with the employer pursuant to the work restrictions that had been imposed by Dr. Veasy. Plaintiff continued working for the employer until November 6, 2001.
6. On November 6, 2001, plaintiff was admitted for inpatient care to the Intensive Care Unit at Sandhills Regional Medical Center, for treatment of a high blood pressure "crisis." Plaintiff has a long-standing history of high blood pressure problems, which pre-existed the compensable knee injury. During said admission at Sandhills Regional Medical Center, plaintiff was also treated for her long-standing anemia problems. Plaintiff was discharged on November 10, 2001.
7. On December 10, 2001, plaintiff was again admitted to the Intensive Care Unit, for treatment of another high blood pressure "crisis" along with tachycardia, bronchial asthma, and severe bronchospasm. Plaintiff was discharged on December 15, 2001.
8. The greater weight of the evidence is that plaintiff's high blood pressure "crises" of November 6, 2001 and December 10, 2001 are not causally related to plaintiff's compensable left knee injury.
9. With respect to future medical treatment, Dr. Veasy did not have an opinion as to whether plaintiff would require additional medical treatment to the left knee in the foreseeable future. Dr. Veasy could only speculate as to whether such treatment would be required within the next ten (10) years.
10. Plaintiff remains out of work at this time. The greater weight of the evidence is that any disability plaintiff suffers is not causally related to her compensable left knee injury.
11. On or around November 12, 2002 plaintiff began receiving unemployment benefits.
12. Dr. Veasy assigned plaintiff a 10 percent permanent partial disability rating for plaintiff's left leg pursuant to the North Carolina rating guidelines, as explained in his deposition testimony.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Since plaintiff's knee injury was accepted by means of a Form 60, plaintiff does not enjoy any presumption of ongoing disability from the knee injury. Rather, plaintiff still has the burden of proof on the issue of her alleged disability. Demery v.Converse, Inc., 138 N.C. App. 243, 530 S.E.2d 871 (2000), citingWaston v. Winston-Salem Transit Authority, 92 N.C. App. 473 475,374 S.E.2d 483, 485 (1988).
2. To the extent that plaintiff has had any impairment of her wage-earning capacity (i.e. "disability") since 6 November 2001, said disability has resulted solely from plaintiff's high blood pressure "crises" of 6 November 2001 and 10 December 2001. Plaintiff has failed to introduce any competent medical evidence to show that said "crises" were causally related to the compensable knee injury or to the course and scope of plaintiff's employment with the employer. Accordingly, plaintiff has failed to meet her burden of proof on the issue of disability. Seegenerally, Bridges v. Linn-Corriher Corp., 90 N.C. App. 397,368 S.E.2d 388 (1988); Russell v. Lowe's Product Distribution,108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993); Hilliard v. ApexCabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982).
3. In light of the deposition testimony by Dr. Veasy, the undersigned further concludes that there is no "substantial risk" of the necessity of future medical treatment for the compensable knee injury. N.C. Gen. Stat. § 97-25.1. Thus, the Executive Secretary properly denied the plaintiff's Motion to Compel Additional Medical Treatment.
4. Plaintiff retains a ten percent (10%) permanent partial impairment rating of her left leg. N.C. Gen. Stat. § 97-31.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. For plaintiff's ten percent (10%) permanent partial disability to her leg, defendants shall pay plaintiff $169.72 per week for a period of twenty weeks. This amount is subject to a credit for an attorney's fee as provided hereafter.
2. An attorney's fee in the amount of twenty-five percent (25%) is approved as a reasonable fee for plaintiff's counsel and shall be deducted directly from the amount owed to plaintiff and paid directly by defendants to plaintiff's attorney.
3. The plaintiff's present claim for additional total disability compensation benefits relating to the compensable knee injury is hereby DENIED in its entirety.
4. The plaintiff's present claim to compel future ongoing medical treatment for the compensable knee injury, must be and is hereby DENIED in its entirety N.C. Gen. Stat. § 97-25.1.
This the ___ day of ___, 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER