* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Rideout. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury, giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between the Employee-Plaintiff and the Defendant-Employer.
3. PMA Insurance Group was the carrier on the risk for Defendant-Employer.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, who was fifty-four years old at the time of the hearing, has a high school education. Plaintiff had worked for defendant-employer, Regal Manufacturing, for over 22 years prior to injuring her back on February 7, 2001.
2. On February 7, 2001, plaintiff sustained injury to her back during the course and scope of her employment with defendant-employer while moving 50-pound lots of yarn with a hand truck.
3. Initially, plaintiff reported a feeling of a popping, a pull, and then a pain in her lower back, along with pain radiating into her left leg.
4. Plaintiff was ultimately diagnosed with a disc herniation and underwent surgical intervention on her back on October 3, 2001, to correct this condition.
5. On May 31, 2005 plaintiff underwent further surgery to have a trial implant of a spinal stimulator. On August 3, 2005, Dr. Paige implanted a permanent spinal cord stimulator. Following implantation of the stimulator, plaintiff reported significant improvement of her pain.
6. On January 12, 2006, Dr. Paige examined plaintiff and noted that one of the spinal cord stimulator leads had moved, which was the probable cause of plaintiff's increased pain.
7. On April 3, 2006, Dr. Rosenfeld conducted a revision of plaintiff's spinal cord stimulator to replace her original leads with paddle leads which would be less likely to shift or fall.
8. Dr. Paige has opined that plaintiff does not need further pain management, and that plaintiff should be able to return to work in some capacity.
9. Plaintiff has been involved in vocational rehabilitation since October, 2003. Her case worker is Vanessa Obie who is a stipulated expert in the area of vocational rehabilitation.
10. Ms. Obie's opinion at the time of her deposition on May 25, 2005 was that plaintiff would need to feel better and be able to take classes which would advance her skills in order to return to work.
11. Since the time of Ms. Obie's deposition on May 25, 2005, the medical records indicate that plaintiff has received significant pain relief. Accordingly, the Full Commission finds that it is appropriate for plaintiff to resume vocational rehabilitation.
12. Plaintiff has failed to show that it would be futile for her to seek employment due to her age, inexperience or lack of education. Further, plaintiff has failed to present evidence that a treating physician has opined that she is totally disabled from working under any circumstances as plaintiff has been released to return to work with restrictions. Accordingly, plaintiff has failed to prove that she is totally incapable of earning wages.
13. The Form 22 provided by Defendants indicates an average weekly wage of $434.85 and a compensation rate of $289.91
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff is unable to show that she is totally incapable of earning wages. Plaintiff does not meet the criteria set forth in N.C. Gen. Stat. § 97-31(17) for permanent total disability. There is no evidence that a treating physician has opined that she is totally disabled from working under any circumstances as provided by Demery v.Converse, Inc., 138 N.C. App. 243 (2000). Plaintiff has not proven that it would be futile for her to seek employment due to her age, inexperience, lack of education or other pre-existing factors.Peoples v. Cone Mills Corp., 316 N.C. 426, 342 S.E.2d 798 (1996). Accordingly, plaintiff's claim that she is permanently and totally disabled should be denied.
2. Pursuant to N.C. Gen. Stat. § 97-29, plaintiff remains entitled to temporary total disability at the rate of $289.91 per week.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants shall pay to plaintiff temporary total disability at the rate of $289.91 per week, continuing until plaintiff returns to work or until further Order of the Industrial Commission.
2. Each side shall pay its own costs.
This the 16th day of November, 2006.
S/____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER