* * * * * * * * * * *
The appealing party has shown good grounds to receive further evidence and upon reconsideration of all the evidence, the Full Commission modifies in part and affirms in part the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into as:
 STIPULATIONS
1. At all relevant times hereto, the parties were bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
2. Plaintiff sustained an injury by accident on January 7, 2002, which involved a traumatic amputation of his left index and middle fingers. Defendants accepted this injury by *Page 2 
accident. Plaintiff also suffers post-traumatic stress disorder (or depression) and has an implanted peripheral nerve stimulator for attempted pain control to try to deal with chronic pain from the accident.
3. National Fire of Hartford was the carrier on the risk for defendant-employer on January 7, 2002.
4. Plaintiff's compensation rate is $449.47 and defendants have paid temporary total disability benefits at this rate since the accident.
5. Defendants have provided certain medical compensation to claimant for the injuries sustained on January 7, 2002.
6. Vocational rehabilitation was discontinued after an initial evaluation.
7. The parties have stipulated to a package of medical records concerning treatment provided to the plaintiff.
 * * * * * * * * * * *
The issues before the Deputy Commissioner included:
1. Whether or not the plaintiff is permanently and totally disabled; and
2. Whether or not vocational rehabilitation should be allowed.
 * * * * * * * * * * * EVIDENTIARY RULING
Prior to the hearing before the Full Commission, plaintiff's counsel filed a Motion to Admit Additional Evidence Regarding Attorney Fee Appeal on September 18, 2006. The additional evidence, a letter from plaintiff supporting his counsel's request for an attorney's fee is hereby admitted into evidence.
 * * * * * * * * * * * *Page 3 
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained an admittedly compensable injury by accident on January 7, 2002 when he suffered the traumatic amputation of his left index and middle fingers. Defendants accepted this claim as evidenced by their filing of a Form 60 Employer's Admission of Employee's Right to Compensation Pursuant to N.C. Gen. Stat. § 97-18(b).
2. Plaintiff presented to Dr. Paul Perlik, an orthopedic surgeon, who performed a revision amputation of the left index and middle fingers on the date of the accident. Dr. Perlik continued to treat plaintiff through October 22, 2002, performing additional surgical procedures primarily related to excisions of neuromas. Dr. Perlik released plaintiff to return to work on July 25, 2002 with the restriction of no work involving the left hand.
3. On October 17, 2002, plaintiff presented to Dr. Warren Burrows, who is board certified in general surgery and in hand surgery. Dr. Burrows opined that plaintiff could perform one-handed work if available. On April 29, 2003, Dr. Burrows inserted electrodes near plaintiff's median nerve as the first step in the placement of a nerve stimulator for pain control. On May 6, 2003, Dr. Burrows inserted the permanent peripheral nerve stimulator for pain control. Plaintiff had good results in the relief of his pain with the peripheral nerve stimulator.
4. In his deposition testimony, Dr. Burrows opined that plaintiff could physically return to work within the restrictions of 1-2 pound weight restrictions on his left hand.
5. Plaintiff has also received treatment for post-traumatic stress disorder and/or depression as a result of his injury. Dr. Mark Lewis, a family practice physician with a particular interest in psychiatric disorders, began treating plaintiff on January 17, 2002. Dr. John L. Spain, *Page 4 
a psychologist, commenced treatment of plaintiff on February 7, 2002. In addition, plaintiff had an independent psychiatric examination with Dr. Gerald Aronoff on November 12, 2004.
6. The greater weight of the medical evidence reveals that plaintiff's psychological problems do not prevent him from returning to work. Further, the medical evidence indicates that a return to work would be psychologically beneficial to plaintiff. All expert witnesses with the exception of Dr. Spain share this view. Dr. Spain opined that plaintiff's preoccupations with his physical condition would make him a very poor candidate for a return to work.
7. David Pugh, an expert in vocational rehabilitation performed a labor market survey that located five jobs in plaintiff's geographical area that were within plaintiff's work restrictions; however, there were no job openings with any of these employers. Mr. Pugh indicated plaintiff was a good candidate for vocational management and recommended additional vocational work for plaintiff; however, defendants have not offered any additional vocational assistance. At the hearing before the Deputy Commissioner, plaintiff testified that he would meet with a vocational rehabilitation counselor again and if he could find a job that he could perform, it would help his depression.
8. Based on the greater weight of the competent evidence, the Full Commission finds that plaintiff has not met his burden of proof to support a finding that he is permanently and totally disabled.
9. The Full Commission finds that vocational rehabilitation would be appropriate to help locate employment for plaintiff within his restrictions.
10. On January 29, 2002, plaintiff's counsel commenced representation that has continued to the present for a total period of five years. According to counsel, he has spent over 150 hours working on plaintiff's case. He has prepared for and participated in mediation for *Page 5 
which he prepared a 50-page mediation submission. He attended the hearing before Deputy Commissioner Holmes for which he prepared lengthy Contentions and a proposed Opinion and Award. He has expended $2000.00 in unreimbursed costs without receiving any portion of plaintiff's temporary total disability benefits.
11. The Full Commission finds that counsel has provided valuable services to plaintiff and has expended significant time in representing plaintiff since January 29, 2002, for which he should receive an attorney's fee.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has not met his burden of proving that he is totally incapable of earning wages. Demery v. Converse, Inc., 138 N.C. App. 243,250, 530 S.E.2d 871, 875 (2000). To receive compensation for permanent total disability, a workers' compensation claimant must show that he is totally unable to earn the wages that he was receiving at the time of injury in the same or any other employment. Id. at 250,530 S.E.2d at 875.
2. As a result of the plaintiff's compensable injury, he continues to be disabled and is entitled to receive temporary total disability compensation at the rate of $449.47 per week continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
3. Defendants are required to provide medical compensation, including vocational rehabilitation as may be reasonably required to effect a cure, give relief or lessen the period of disability. In order to lessen the period of disability, the plaintiff must cooperate with defendants' efforts of vocational rehabilitation. N.C. Gen. Stat. § 97-25. *Page 6 
4. Pursuant to N.C. Gen. Stat. § 97-90, the Industrial Commission has authority to review fees for attorneys and approve or award fees, as it deems reasonable and appropriate. As plaintiff's counsel has provided valuable services to plaintiff and has expended significant time in representing plaintiff since January 29, 2002, he is entitled to an attorney's fee.
 * * * * * * * * * * *
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for permanent and total disability compensation is hereby denied.
2. Subject to a reasonable attorney's fee hereinafter approved, defendants shall continue to pay to plaintiff temporary total disability compensation at the rate of $449.47 per week until further Order of the Commission.
3. Defendants are required to provide medical compensation, including vocational rehabilitation as may be reasonably required to effect a cure, give relief or lessen the period of disability. In order to lessen the period of disability, the plaintiff must cooperate with defendants' efforts of vocational rehabilitation.
4. A reasonable attorney's fee of twenty-five percent (25%) of the lump sum compensation awarded plaintiff in Paragraph 2 of this Award is approved for plaintiff's counsel commencing as of the date of this Award and shall be deducted from those amounts and paid directly to plaintiff's counsel.
 5. Defendants shall pay the costs. *Page 7 
 ORDER
Plaintiff's appeal from Deputy Commissioner Phillip A. Holmes' Administrative Order filed July 28, 2006 denying plaintiff's Motion to Reconsider the awarding of attorney's fees is dismissed as the issue is now moot having been addressed herein.
This the___day of February 2007.
 S/___________________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________________ DIANNE C. SELLERS COMMISSIONER *Page 1