BRUCE FARLEY, Plaintiff v. NORTH CAROLINA DEPARTMENT OF LABOR, Defendant

No. COA00-1158

(Filed 16 October 2001)

**Workers' Compensation–permanent partial disability–lump sum payment–permanent total disability–overlapping benefit periods**

Where plaintiff employee was paid a lump sum pursuant to N.C.G.S. § 97-31 for permanent partial disability covering a period of 150 weeks, plaintiff was thereafter awarded permanent total disability under N.C.G.S. § 97-29, and the payment periods of permanent partial disability and permanent total disability overlapped for 81 weeks, the lump sum payment should have been treated as if plaintiff had received weekly payments for 150 weeks and, in order to prevent a double recovery, defendant employer should not have been required to pay plaintiff permanent total disability during the 81 weeks in which the two benefit periods overlapped. N.C.G.S. § 97-34.

Appeal by defendant from opinion and award entered 4 August 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 August 2001.

*H. Russell Vick & Associates, by Marty Houglan, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robert T. Hargett, for the State.*

MARTIN, Judge.

Defendant appeals from an opinion and award of the North Carolina Industrial Commission awarding plaintiff benefits for total and permanent disability, and denying defendant's request for credit for a portion of a lump sum payment previously made to plaintiff for permanent partial disability.

The record shows that plaintiff began employment with the North Carolina Department of Labor (defendant-employer) as a boiler inspector in February 1992. Prior to his employment with defendant-employer, plaintiff had a history of medical problems with his right hip, and sometime prior to 1973, had undergone surgery on his right hip. However, the nature of that surgery is unclear since no medical records with respect thereto were submitted into evidence. In 1973, plaintiff underwent a cup arthroplasty to his right hip, which was effective until 1 September 1993, when plaintiff fell while working for defendant-employer and suffered injury to his right hip. Plaintiff's fall caused his right hip replacement prosthesis to loosen making it necessary for plaintiff to undergo a third hip surgery in December 1993 for removal and replacement of loose parts. Pursuant to a Form 21 Agreement between the parties, approved by the Commission on 10 November 1993, plaintiff was paid benefits for temporary total disability from 2 September 1993 until 19 June 1994, when he returned to work. He was rated with a seventy-five percent permanent impairment of his right hip and a Form 26 agreement was executed by the parties and approved by the Industrial Commission on 28 June 1995. Pursuant to this agreement and G.S. § 97-31, plaintiff was to be paid compensation for permanent partial disability from 20 June 1994 for 150 weeks at an average weekly compensation rate of $442.00. In accordance with plaintiff's request, the payment was made in a lump sum of $66,300 on or about 1 July 1995.

In August 1995, plaintiff alleged a change in his condition; defendant-employer began paying plaintiff temporary total disability bene-

fits on or about 25 October 1995 at the rate of $442.00 per week. Plaintiff underwent additional surgery in December 1995, however his condition has continued to deteriorate and he has been unable to return to work. Defendant-employer accepted liability for plaintiff's additional medical expenses but denied that plaintiff is entitled to benefits for permanent total disability under G.S. § 97-29 (Compensation Rates for Total Incapacity) because plaintiff had already elected and received an award pursuant to G.S. § 97-31 (Schedule of Injuries).

After a deputy commissioner ordered defendant-employer to pay plaintiff benefits for permanent total disability and concluded that it was "not entitled to a credit toward total permanent disability benefits for the compensation previously paid for Plaintiff's permanent impairment rating to his right leg," defendant-employer appealed to the Full Commission. The Full Commission issued its opinion and award concluding that plaintiff was permanently disabled and was entitled to recover permanent total disability benefits pursuant to G.S. § 97-29. Defendant was ordered to "pay plaintiff ongoing benefits at the rate of $442.00 per week until further order of the Commission . . . ", and to "continue to pay all medical expenses which may be incurred for reasonably necessary medical treatment of plaintiff's right hip, including any future surgery which may be necessary." The Commission concluded that defendant-employer was not entitled to any credit toward permanent disability benefits for the compensation which it had previously paid plaintiff for permanent partial disability pursuant to G.S. § 97-31. The Full Commission noted that "[i]f the compensation had been paid on a weekly basis it would have been superseded by the total disability payments. However, as paid in a lump sum it was due and payable when paid and N.C. Gen. Stat. § 97-24 [sic] does not provide a credit."[1] Defendant-employer appeals.

Defendant-employer contends the Full Commission erred in failing to award it credit for 81 weeks of permanent partial disability payments which it made to plaintiff pursuant to G.S. § 97-31. Defendant-employer argues the permanent partial disability payments, though paid in a lump sum, were actually paid for time periods which overlapped the payments ordered for permanent total disability, so that

1. The Commission's reference to G.S. § 97-24 is apparently a typographical error as it is clear that the Commission meant to refer to G.S. § 97-42, which governs the provision of credit to an employer.

the Commission's refusal to grant a credit resulted in a double recovery by plaintiff.

The North Carolina Workers' Compensation Act provides compensation to an employee who suffers an injury by accident arising out of and in the course of his employment. N.C. Gen. Stat. § 97-2(6) (1999). Plaintiff was compensated under both G.S. § 97-31 and G.S. § 97-29. G.S. § 97-31

> provides for compensation for temporary disability during the healing period of the injury and for permanent disability at the end of the healing period, when maximum recovery has been achieved. Disability compensation under G.S. 97-31 is awarded for physical impairment irrespective of ability to work or loss of wage earning power, and is *in lieu of all other compensation.*

*Crawley v. Southern Devices, Inc.*, 31 N.C. App. 284, 288, 229 S.E.2d 325, 328 (1976) (emphasis added), *disc. review denied*, 292 N.C. 467, 234 S.E.2d 2 (1977). Additionally, according to G.S. § 97-31, "a disability is deemed to continue after the employee's healing period, and the employee is entitled to compensation for the number of weeks specified in the statute." *Gray v. Carolina Freight Carriers, Inc.*, 105 N.C. App. 480, 484, 414 S.E.2d 102, 104 (1992). G.S. § 97-29, on the other hand, provides for compensation when an employee's injury is total and permanent causing the employee to be incapable of working. Under G.S. § 97-29, the employer must pay compensation to the injured employee during the employee's lifetime. *Gray*, 105 N.C. App. at 484, 414 S.E.2d at 104. An employee may not receive compensation under G.S. § 97-31 and G.S. § 97-29 at the same time. N.C. Gen. Stat. § 97-34. However, the employee may choose the more favorable remedy. *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E.2d 336 (1986). According to G.S. § 97-34:

> If an employee receives an injury for which compensation is payable, while he is still receiving or entitled to compensation for a previous injury in the same employment, he shall not at the same time be entitled to compensation for both injuries, unless the later injury be a permanent injury such as specified in G.S. 97-31; but he shall be entitled to compensation for that injury and from the time of that injury which will cover the longest period and the largest amount payable under this Article.

Our Court has concluded that the legislature intended this Act to prevent "the stacking of total benefits on top of partial benefits, *for the*

*same time period . . . ." Smith v. American and Efird Mills*, 51 N.C. App. 480, 490, 277 S.E.2d 83, 89 (1981), *modified by* 305 N.C. 507, 290 S.E.2d 634 (1982).

Defendant-employer contends that it is entitled to a partial credit for payments made to plaintiff pursuant to G.S. § 97-31 for the permanent partial disability rating of his right hip. Plaintiff was paid a lump sum payment of $66,300 pursuant to G.S. § 97-31 for the permanent partial disability rating of seventy-five percent of his right hip, covering a period of 150 weeks from 20 June 1994 at a weekly compensation rate of $442. Plaintiff was also paid total disability benefits pursuant to G.S. § 97-29 beginning 25 October 1995 and continuing to the present. Therefore, the payment periods of permanent partial disability benefits and permanent total disability benefits overlap for 81 weeks, and defendant-employer argues that it is entitled to a credit for those weeks.

It is clear from G.S. § 97-34 that the General Assembly intended to prevent double recovery of workers' compensation benefits when an employee is entitled to disability benefits under both G.S. § 97-29 and G.S. § 97-31. Therefore, we believe the correct interpretation of G.S. § 97-34 is that the payment periods may not overlap regardless of whether the employee is "still receiving" compensation or currently "entitled to compensation." Surely the legislature's intention could not have been to allow employees who received a lump sum instead of weekly payments to receive double recovery for the overlap of time periods. Thus, a lump sum payment should be treated as if the employee had received weekly payments for the applicable payment period under G.S. § 97-31 in order to prevent double recovery.

The Industrial Commission noted in its opinion and award that it was unable to credit defendant-employer for the overlapping 81 weeks because G.S. § 97-42 (the statute providing credit for employers) did not cover this case. We acknowledge that this Court has stated in several cases that G.S. § 97-42 is the only statutory authority for allowing an employer in North Carolina any credit against workers' compensation payments due an injured employee. *Gray*, 105 N.C. App. at 484, 414 S.E.2d at 104; *Johnson v. IBM*, 97 N.C. App. 493, 389 S.E.2d 121 (1990). G.S. § 97-42 provides:

Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article *were not due and payable when made*, may,

FARLEY v. N.C. DEP'T OF LABOR

[146 N.C. App. 584 (2001)]

subject to the approval of the Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment (emphasis added).

As applied to these facts, the Commission reasoned that the lump sum payment for which defendant is requesting partial credit, was "due and payable when made" and therefore, G.S. § 97-42 would not allow defendant to receive credit for it. We agree that the lump sum payment was "due and payable when made" since defendant-employer had accepted plaintiff's injury as compensable under workers' compensation at the time the payment was made. *See Foster v. Western-Electric Co.*, 320 N.C. 113, 357 S.E.2d 670 (1987). However, this is not a "credit" case and therefore, G.S. § 97-42 is not applicable. This case involves the Commission's duty to adjust plaintiff's compensation to comply with G.S. § 97-34 so that the G.S. § 97-29 award does not overlap with the G.S. § 97-31 award. The lump sum payment should have been treated as if plaintiff had been paid each week for 150 weeks. Therefore, in the case *sub judice*, the Commission had a duty to order that defendant begin paying the total disability payments after the 150 weeks (period of time that the permanent partial disability lump sum payment was to cover) had expired. Thus, defendant should not have been required to pay plaintiff permanent total disability payments for 81 weeks after the Commission's opinion and award. Since the Commission failed to so order, we must now hold that defendant-employer is entitled to refrain from making permanent total disability payments to plaintiff for 81 weeks in order to prevent double recovery.

Reversed.

Judges McCULLOUGH and BIGGS concur.