SHEILA M. ARNOLD, EMPLOYEE, PLAINTIFF V. WAL-MART STORES, INC., EMPLOYER, AND INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, CARRIER, DEFENDANTS

No. COA02-296

(Filed 3 December 2002)

**1. Workers' Compensation— permanent disability—date healing period ended—maximum medical improvement**

The Industrial Commission erred in a workers' compensation case by awarding permanent disability to plaintiff employee and the case is remanded for further findings as to disability because: (1) the Commission failed to find the date the healing period ended or the date plaintiff reached maximum medical improvement; and (2) the Commission could not award benefits under N.C.G.S. § 97-31 without such a finding.

**2. Workers' Compensation— future medical compensation— competent evidence**

The Industrial Commission did not abuse its discretion in a workers' compensation case by awarding future medical compensation under N.C.G.S. § 97-25 to plaintiff employee, because there is competent evidence in the record to show that plaintiff may incur ongoing medical expenses related to the compensable injury.

Appeal by defendants from the Opinion and Award of the North Carolina Industrial Commission filed 5 December 2001. Heard in the Court of Appeals 14 November 2002.

*Kathleen G. Sumner, for plaintiff-appellee.*

*Young Moore and Henderson P.A., by J.D. Prather and Zachary C. Bolen, for defendants-appellants.*

TYSON, Judge.

Wal-Mart Stores, Inc. ("employer") and Insurance Company of the State of Pennsylvania ("carrier") appeal the award of temporary and permanent partial disability to Sheila M. Arnold ("employee") by the North Carolina Industrial Commission ("Commission"). We vacate the Commission's award and remand the case to the Commission for further findings.

## I. Facts

Employee had worked for employer for approximately two and a half years. On 4 May 1998, employee was attempting to lift a broken dock plate on a door when she felt pain in her back, hip and leg. Prior to the incident, employee had not complained of any pain in those areas. After the injury, she continued to experience pain. Martin Chipman, M.D., a neurologist, treated employee for her pains through physical therapy, aqua therapy, and ordered restrictions on employee's carrying heavy loads, sleeping on a hard bed, and sitting in a high back chair.

On 13 July 1998, employee was released to return to light duty with restrictions but employer did not allow her to return. Dr. Chipman gave employee a 10 percent permanent partial disability rating to her back as a result of the incident. On 13 May 1999, employee began work with Dollar General stores at the same or greater wages than she was receiving at the time of the incident.

The Commission concluded in part the following:

1. [Employee] sustained an injury by accident on May 4, 1998 while in the course and scope of employment with Wal-Mart. [Employee] is entitled to receive workers' compensation benefits as a result of the injuries.

2. [Employee] is entitled to receive disability benefits for the periods she was unable to earn wages as a result of the injuries she sustained.

3. [Employee] is entitled to receive medical benefits for so long as they continue to effect a cure, give relief and/or lessen [employee's] period of disability.

4. [Employee] sustained a 10 percent permanent partial disability to the back and is entitled to be compensated for the same after her temporary total income ended.

The Commission awarded employee temporary total disability from 6 May 1998 through 13 May 1999. It further awarded permanent partial disability for 30 weeks following 13 May 1999 for the 10 percent permanent partial disability rating to her back. It also awarded all medical expenses "incurred or to be incurred by [employee] as a result of her compensable injury."

## II. Issues

Defendants contend that the Commission erred in (1) awarding compensation for permanent disability, (2) awarding compensation after 21 August 1998, and (3) awarding future medical compensation.

## III. Standard of Review

Upon appeal of an award from the Commission, this Court's review is limited to whether there is any competent evidence to support the Commission's findings of fact and whether those findings support the Commission's conclusions of law. *Effingham v. Kroger Co.*, 149 N.C. App. 105, 109, 561 S.E.2d 287, 291 (2002). The findings of fact are conclusive on appeal if there is competent evidence to support them, even if evidence is presented to the contrary. *Id.* The Commission's conclusions of law are reviewable *de novo. Id.*

## IV. Permanent Disability

[1] An injured employee seeking compensation generally has two options under the Workers' Compensation Act ("Act"). First, an employee may seek benefits "by showing that the employee has suffered a loss of wage-earning capacity pursuant to N.C. Gen. Stat. § 97-29 or N.C. Gen. Stat. § 97-30." *Knight v. Wal-Mart Stores, Inc.*, 149 N.C. App. 1, 10, 562 S.E.2d 434, 441 (2002). If the loss of wage-earning capacity is total, an employee may seek recovery under N.C. Gen. Stat. § 97-29. If the loss of wage-earning capacity is partial, an employee may seek recovery under N.C. Gen. Stat. § 97-30. Second, an employee may seek benefits by showing "the employee has a specific physical impairment that falls under the schedule set forth in N.C. Gen. Stat. § 97-31, regardless of whether the employee has, in fact, suffered a loss of wage-earning capacity." *Id.* at 11, 562 S.E.2d at 442.

If an employee has a scheduled injury under N.C. Gen. Stat. § 97-31 and a loss of wage-earning capacity, the employee may elect to seek benefits under whichever section will provide the more favorable remedy. *Id.* This election does not allow for an employee to recover from both methods simultaneously. *Farley v. N.C. Dep't of*

**ARNOLD v. WAL-MART STORES, INC.**

[154 N.C. App. 482 (2002)]

*Labor,* 146 N.C. App. 584, 587, 553 S.E.2d 231, 233 (2001); N.C. Gen. Stat. § 97-31. However, an employee who has suffered an injury listed in N.C. Gen. Stat. § 97-31 and suffers a partial or total loss of wage-earning capacity during the "healing period" may seek (1) compensation for loss of wage-earning capacity under N.C. Gen. Stat. § 97-29 or N.C. Gen. Stat. § 97-30 during the "healing period" and (2) compensation for the specific listed injury for the statutorily prescribed period of time under N.C. Gen. Stat. § 97-31 once the "healing period" has ended. *Knight,* 149 N.C. App. at 12, 562 S.E.2d at 442.

The end of the healing period determines the beginning of statutory compensation under N.C. Gen. Stat. § 97-31. The ending of the healing period under N.C. Gen. Stat. § 97-31 is "when the injury has stabilized, referred to as the point of 'maximum medical improvement' (or 'maximum improvement' or 'maximum recovery')" ("MMI"). *Id.* The Commission must find the date on which the employee reached MMI with regard to the specific scheduled injury before awarding compensation from that date based on the statutory number of weeks set forth in N.C. Gen. Stat. § 97-31.

Here, the Commission did not specify under which section of the Act it awarded compensation. We infer that the Commission awarded compensation based on N.C. Gen. Stat. § 97-31, because it found that employee had returned to work at the same or higher wages and that employee did not lose wage-earning capacity. The Commission found that employee had a 10 percent permanent impairment rating and awarded benefits for the scheduled statutory injury starting on 13 May 1999, the date employee returned to employment. However, under N.C. Gen. Stat. § 97-31, the date of returning to employment and the employee's wage-earning capacity are irrelevant. What is relevant is the end of employee's "healing period" or the date employee reached MMI. The Commission failed to find the date the "healing period" ended or the date employee reached MMI. Without such a finding, the Commission could not award benefits under N.C. Gen. Stat. § 97-31. We vacate the award of the Commission and remand further findings of fact regarding the date employee reached MMI.

## IV. Future Medical Compensation

[2] Employer contends the Industrial Commission erred in granting future medical compensation to employee because "she has not proven that any ongoing complaints are causally related to the her [sic] incident at work on May 4, 1998." We disagree.

N.C. Gen. Stat. § 97-25 states that "medical compensation shall be provided by the employer." If the Commission determines that continuing medical treatment is necessary, it may, in its discretion, order such treatment and require the employer to pay for it. N.C. Gen. Stat. § 97-25 (1991).

Here, the Commission found that employee sustained a compensable injury on 4 May 1998. It ordered employer to "pay for all medical expenses incurred or to be incurred by [employee] as a result of her compensable injury when bills for same have been submitted, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen [employee's] period of disability." There is competent evidence in the record to show that plaintiff may incur ongoing medical expenses related to the compensable injury.

We find the Commission did not abuse its discretion by ordering employer to pay future medical expenses incurred "as a result of [employee's] compensable injury."

## V.  Conclusion

The award of the Commission is vacated and remanded for further findings as to disability. The Commission did not abuse its discretion in awarding future medical expenses which employee may incur as a result of her compensable injury.

Affirmed in part, vacated and remanded in part.

Judges WALKER and McCULLOUGH concur.