***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives. The Full Commission AFFIRMS with modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which *Page 2 
were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The date of the injury by accident is January 24, 2004.
4. At the time of the injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and there was an employer/employee relationship between the parties. Sedgwick CMS is the carrier on the risk.
5. On January 24, 2004, Plaintiff sustained an injury by accident arising out of and in the course of her employment.
6. Plaintiff's average weekly wage while employed by employer was $628.48, yielding a compensation rate of $418.99.
7. Plaintiff's permanent partial disability rating is accurately indicated by the medical records.
8. Plaintiff's medical records are admitted into evidence, as well as all Industrial Commission forms filed in this case, as Stipulated Exhibit #1.
9. The Pre-Trial Agreement was submitted post-hearing and is entered into evidence as Stipulated Exhibit #2.
10. The letter from Dr. Dimmig dated January 7, 2010 is admitted into evidence as Stipulated Exhibit #3.
11. No other exhibits that were submitted post-hearing are admitted into evidence. *Page 3 
 ***********
Based upon a preponderance of the evidence of record and the reasonable inferences there from, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. This case arises from injuries suffered by Plaintiff on January 24, 2004.
2. On January 24, 2004, Plaintiff worked as a paramedic for Defendant Granville County Emergency Medical Services.
3. Plaintiff's average weekly wage is $628.48, corresponding to a weekly compensation rate of $418.99.
4. On January 24, 2004, Plaintiff was lifting a patient onto a stretcher, stepped off of a raised pavement and misjudged the distance between the pavement and the ground below, and felt a sharp pain in her back.
5. Plaintiff began treating with Dr. Thomas A. Dimmig on July 21, 2004, where she complained of back pain, and was diagnosed with moderate degenerative changes and lumbar disc displacement. An MRI was subsequently performed on August 2, 2004, which revealed a herniated disc at L5-S1.
6. Plaintiff underwent a hemilaminectomy discectomy of the right L5-S1 on September 23, 2004.
7. After her surgery, Plaintiff participated in physical therapy, and was released to full duty work. However, due to continuing pain, Plaintiff continued treating with Dr. Dimmig and on June 1, 2005, a MRI was completed which revealed a broad-based bulge at L5-S1. Dr. Dimmig recommended Plaintiff undergo a total disc replacement.
8. Plaintiff received a second opinion on August 18, 2005, from Dr. T. Craig Derian, *Page 4 
who recommended a standard posterior decompression, stabilization, and spinal fusion procedure at L5-S1 as opposed to artificial disc replacement surgery.
9. Plaintiff received a third opinion from Dr. Mark Mikles who recommended a total disc replacement.
10. On April 26, 2006, Plaintiff underwent an anterior lumbar total disc replacement. Plaintiff was later prescribed physical therapy and was ultimately written out of work until April 26, 2007.
11. On April 26, 2007, Dr. Dimmig assessed that Plaintiff was at maximum medical improvement and assigned a 25% permanent partial impairment rating to Plaintiff's back. Dr. Dimmig further assigned a full duty work release including the restriction of no lifting greater than 25 pounds.
12. Plaintiff underwent an independent medical evaluation by Dr. William A. Somers on August 8, 2007, who assessed Plaintiff with a 30% permanent partial impairment rating, along with restrictions including no lifting greater than 45-50 pounds.
13. According to the medical records in evidence, Plaintiff last treated with Dr. Dimmig on April 18, 2008, where a satisfactory recovery was noted.
14. Up to April 26, 2007, Plaintiff was entitled to and was receiving temporary total disability benefits at a rate of $418.99 per week. Plaintiff continued receiving indemnity benefits beyond April 26, 2007, including temporary total and temporary partial disability benefits until July 31, 2008 totaling $18,293.24.
15. On December 17, 2007, Plaintiff began working at Westchester Pet Resort in Virginia and worked there until April, 2009. She was working approximately 20 hours per week, where at first she was paid $10.00 per hour for a weekly wage of $200.00. After Plaintiff *Page 5 
completed a canine exam on June 16, 2008, her pay was increased to $12.00 per hour, for a weekly wage of $240.00.
16. Plaintiff began also working at Southside Regional Medical Center on January 7, 2008 and worked there until April, 2009. At Southside, Plaintiff was being paid $35.00 per hour and was working approximately 12 hours per week, for a week wage of $420.00. Plaintiff maintained these two jobs concurrently until April 27, 2009. Combining Plaintiff's wages of $200.00 and $420.00 a week from January 7, 2008 until June 16, 2008, Plaintiff's wages were $620.00 per week, for this period. Plaintiff then began earning $660.00 a week from the combined income of $240.00 a week and $420.00 which is greater than her pre-injury wages of $628.48. Defendants correctly terminated Plaintiff's compensation.
17. On April 27, 2009, Plaintiff became employed as a physical therapy assistant and remains in that position. Plaintiff's average weekly wage at the time of hearing before the Deputy Commissioner and after April 27, 2009 was at or greater than her pre-injury wages. Plaintiff also currently runs her own business as a pet therapist. As of the date of hearing, Plaintiff was treating three dogs twice a week at a rate of $35.00 per session.
18. The Full Commission finds the report of Dr. Dimmig to be most credible, and therefore specifically finds the following as fact:
 a. Plaintiff reached maximum medical improvement on April 26, 2007.
 b. Plaintiff has been assigned a 25% permanent partial impairment rating to her back.
 c. Plaintiff should not experience any future complications or costs related to the disc replacement surgery and interventional treatment is not anticipated. *Page 6 
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following additional:
 CONCLUSIONS OF LAW
1. Plaintiff suffered a compensable injury by accident on January 24, 2004. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to establish disability after July 31, 2008 under N.C. Gen. Stat. § 97-29 or § 97-30.Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993).
3. Plaintiff reached maximum medical improvement on April 26, 2007, and has been found to have sustained permanent injury with a 25% permanent partial impairment rating to her back, at the weekly compensation rate of $418.99 for 75 weeks, totaling $31,424.25, which is the appropriate award under N.C. Gen. Stat. § 97-31(23). Vernon v. Steven L. MabeBuilders, 336 N.C. 425, 444 S.E.2d 191 (1994).
4. At the end of the healing period, Plaintiff is entitled to receive compensation for total or partial disability under N.C. Gen. Stat. § 97-29 or § 97-30 or compensation for permanent partial disability under N.C. Gen. Stat. § 97-31, but not both. Collins v. Speedway Motorsports Corp.,165 N.C. App. 113, 598 S.E.2d 185 (2004). Therefore, plaintiff may elect to receive the more favorable remedy between ongoing benefits for temporary total or temporary partial disability provided by N.C. Gen. Stat. § 97-29 or § 97-30 or her scheduled benefit of 75 weeks of compensation to be awarded pursuant to N.C. Gen. Stat. § 97-31(19). See Cockman v. PPG Indus.,84 N.C. App. 101, 351 S.E.2d 771 (1987).
5. As Plaintiff is no longer entitled to benefits under N.C. Gen. Stat. §§ 97-29 or § 97-30 *Page 7 
and may not delay the only benefit available to her under N.C. Gen. Stat. § 97-31, Plaintiff is required to elect her remedy under N.C. Gen. Stat. § 97-31. Polk v. NationwideRecyclers, Inc., 664 S.E.2d 619 (N.C. Ct. App. 2008.). Plaintiff received indemnity benefits, including temporary total and temporary partial benefits beyond April 26, 2007 up to July 31, 2008 totaling $18,293.24. Therefore, Plaintiff's most favorable remedy is the 25% permanent partial impairment rating to her back, at the weekly compensation rate of $418.99 for 75 weeks, totaling $31,424.25 pursuant to N.C. Gen. Stat. § 97-31(23).
6. Defendants are entitled to a credit against any permanent partial disability due for all temporary total disability benefits paid after plaintiff reached maximum medical improvement on April 26, 2007. Collins v. Speedway Motor Sports Corp.,165 N.C. App. 113, 598 S.E.2d 185 (2004); Arnold v. Wal-Mart,154 N.C. App. 482, 571 S.E.2d 888 (2002).
7. Plaintiff is entitled to have Defendants pay for medical bills and expenses incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability as in N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. § 97-2(19).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Pursuant to N.C. Gen. Stat. §§ 97-31 and 97-42, Plaintiff is hereby granted benefits in the amount of $13,131.01 for her twenty-five percent (25%) permanent partial impairment rating to her back, which corresponds to the total amount due of $31,424.25, less the amount of credit Defendants are due of $18,293.24 for the overpayment of benefits. *Page 8 
2. Defendants shall pay for medical treatment for any outstanding medical bills or expenses related to Plaintiff's injury by accident that provided relief, effected a cure or lessened the period of disability.
3. Defendants shall pay its own costs.
This 12th day of October, 2011.
 S/________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ DANNY L. McDONALD COMMISSIONER
 S/_________________ STACI T. MEYER COMMISSIONER *Page 1